## O'DONNELL v. HERMANN.

1. **Administrator**: PENDENCY OF ACTION: PROOF OF CLAIM. The pendency in the District Court of an action based upon a claim against an estate at the time of granting administration, is to be regarded as a compliance with the statutory requirement that the claim be filed with the administrator, and in lieu of proving it before the probate court.

*Appeal from Jefferson Circuit Court.*

MONDAY, DECEMBER 13.

THIS action was commenced March 25, 1873, to recover upon a claim against the estate of A. Hermann, deceased, the defendant being administrator. The defendant pleaded the statute of limitations in regard to filing claims against an estate, being section 2405 of the Revision. There was a trial to the court, and a judgment for the plaintiff. The defendant appeals.

*Stubbs & Leggett*, for appellant.

A promise by the administrator that he will pay a judgment does not relieve the holder from the duty of filing it. (*Ferrall v. Irwine*, 12 Iowa, 52; *Preston v. Day*, 19 Id., 127; *Shomo v. Bissell*, 20 Id., 68.) A judgment is placed upon the same footing as other claims against the estate, and like them, must be filed with the administrator. (*Sanford v. Hyde*, 10 Iowa, 294; *Hardin v. Stevenson*, 30 Id., 371.)

*Culbertson & Jones*, for appellee.

Cole, J.—The court found the facts in substance as follows: That defendant was appointed administrator of the estate of A. Hermann, deceased, May 1, 1871, in Jefferson county, and filed proof of publication of his appointment the same day; that previous to the death of said Abram Hermann, plaintiff had commenced suit in Dubuque District Court, and after his death the defendant, B. F. Hermann was substituted, and on the 5th of December, 1875, judgment was rendered for the plaintiff for the sum of $347.00 debt, and for costs; that on April 29, 1872, a transcript of said judgment was filed in the clerk's office of the District Court of Jefferson county, and execution thereon was placed in the hands of the sheriff of that county; that after the execution was in the hands of the sheriff, the defendant promised the plaintiff's agent on several occasions to pay the claim, but he then supposed that the judgment was a lien on the land of the estate; but he afterwards also promised to pay said claim; that about September 23, 1872, the plaintiff's agent had notice served on the defendant that on October 20, 1872, following, a petition would be filed in the Circuit Court of Jefferson county asking that said judgment be made a lien upon said real estate of the decedent in said county; that the records of the Circuit and District Courts are kept in separate books in that county; that when plaintiff filed his petition in this cause, the defendant had made no report of his doings as administrator, but has since made his report showing funds in his hands more than sufficient to pay

all claims against the estate, including plaintiff's; that the reason plaintiff's claim was never filed by him in the catalogue of claims (other than as before stated) was, that his agent, who had charge of the same, did not know that it was necessary, and that he believed from the promises of the defendant that it would be paid, but defendant had before requested the agent to file the claim.

There is no controversy as to the correctness of these facts; and thereunder the question arises whether the plaintiff's claim is barred by the Revision, section 2405: "All claims of the fourth of the above classes, not filed and proved within one year and a-half of the giving of the notice aforesaid, are forever barred, unless the claim is pending in the District or Supreme Court, or unless peculiar circumstances entitle the claimant to equitable relief."

In our view the claim upon the judgment was not barred by the section above quoted. That section expressly exempts from its bar "claims pending in the District Court." The pendency of the claim in the District Court was evidently intended to be taken and regarded as another means of proving the claim, and would stand for the filing and proving before the proper probate court. The claim was, therefore, in effect, filed and proved, and the failure to have it placed in the catalogue of established claims would not subject it to the bar of the statute, for that bar only applies to a failure to file and prove a claim within a year and a-half. The statute cannot be extended by construction. This is in accord with the judgment of the court below, which is

AFFIRMED.