## CHADWICK, Ex'x, v. DEVORE.

1. **Mortgage:** FATHER TO DAUGHTER: CONSIDERATION: SERVICES: VALIDITY AS AGAINST CREDITORS. Where a daughter, after attaining her majority, continued to reside with her father, as a member of his family, receiving her support from him, and performing service in the family, under an agreement, however, that he would pay her for so doing, a promissory note made by him to her for such service was founded upon a good consideration, and a mortgage given by him to secure the same cannot be set aside as fraudulent by the creditors of the father. (Compare *Scully v. Scully's Ex'r*, 23 Iowa, 548; *Smith v. Johnson*, 45 Id., 308; *Allen v. Bryson*, 67 Id., 591.

*Appeal from Mahaska Circuit Court.*

FRIDAY, OCTOBER 22.

This is an action in equity to subject certain real estate, the title to which is in defendant, to sale for the satisfaction of a judgment obtained by plaintiff's testate against Eli Devore. Prior to the year 1878 the said Eli Devore resided in the state of Ohio, and while residing there he executed the promissory note on which plaintiff's judgment was obtained. In that year he removed to this state, and early in 1879 he purchased the real estate in question, taking the title thereto in himself. On the fourth of December, 1879, he executed to the defendant, who is his daughter, a mortgage on the premises, his wife joining therein, to secure a promissory note for $1,140, and which purports to have been executed on the twentieth of June of the same year. Defendant subsequently brought suit on this note and mortgage, and obtained a judgment for the amount of the indebtedness and for the foreclosure of the mortgage; and the premises were afterwards sold on special execution issued on said judgment, and were bought in by defendant, and she has since obtained a sheriff's deed thereto under the sale. Plaintiff's judgment was rendered in April, 1880. She alleges in her petition that said mortgage from Eli Devore to defendant was executed without consideration, and that the transaction of giving the mortgage, and the subsequent proceeding for its foreclosure, and the sale and purchase by defendant of the premises under the proceeding, was in pursuance of a corrupt and fraudulent combination and agreement between the parties to place the property beyond the reach of the creditors of Eli Devore, and prevent them from enforcing collection of their debts. On the hearing of the case the circuit court entered judgment dismissing the petition. Plaintiff appealed.

*J. O. Malcolm* and *L. C. Blanchard*, for appellant.

*Bolton & McCoy*, for appellee.

REED, J.—Eli Devore claimed to have paid the note on

which plaintiff's judgment was rendered, before he removed from Ohio. On the trial, however, he was not able to establish that claim. He knew when he executed the mortgage to defendent that the note was in the hands of a lawyer in Mahaska county for collection, and that suit had been, or was about to be, commenced for its enforcement. He had no property, except the real estate in question, out of which the debt could be made. He continued to occupy and use the premises after the execution of the mortgage, and he remained in possession after the execution of the sheriff's deed to defendant. Defendant was a single woman, about thirty years old, at the time the mortgage was given, and she is the daughter of Eli Devore. She had resided during all her life with her parents, and was not known to be possessed of any means.

There is no controversy as to the facts here stated, and, if the case was to be determined upon these facts alone, there would be but little doubt, we think, but that plaintiff would be entitled to the relief demanded. The fact that Devore regarded the claim as unjust, and felt that he ought not to be compelled to pay it, presented a strong temptation to him to attempt to defeat its collection by placing his property beyond the reach of the processes of the law; and the circumstances attending the transaction, if considered alone, would afford strong presumptive evidence that the conveyance was made with that intent. They therefore put upon defendant the burden of overcoming this presumption, and of proving that the transaction was entered into, on her part at least, in good faith, and that the conveyance is supported by a valuable consideration.

Her claim is that her father was indebted to her for services rendered by her after she attained her majority, and that the note secured by the mortgage was given for the amount of such indebtedness. That an indebtedness arising in this manner would constitute a consideration for the mortgage is not questioned. The circumstances immediately

attending the execution of the mortgage were of such a character, however, as to demand the closest scrutiny of the claim that it was supported by such a consideration.

We have very carefully examined the evidence contained in the record, and have reached the conclusion that it sustains the claim made by defendant.

She attained her majority in 1865, and, from that time until after the execution of the note and mortgage, she continued to live with her parents. She was boarded and clothed by them during all the time, and she assisted in the household duties. There are eight children in the family, and she is the oldest of the number. The mother was in delicate health, and was often confined to her room by sickness. At such times defendant had full control of the household affairs. She also nursed the mother in her sicknesss, and cared for the younger children. The other children, as they attained their majority, went out into the world to do for themselves, but she remained. Her services were doubtless valuable, and often indispensable. Notwithstanding the value and character of her services, however, as she was a member of the family when she rendered them, and was receiving a support from her parents, the law will not imply a promise by them to pay any consideration for them in addition to the support given, (*Scully v. Scully's Ex'x*, 28 Iowa, 548; *Smith v. Johnson*, 45 Id., 308;) and, if the services was rendered without any express promise by her father to pay for them, his subsequent agreement to pay for them would be unsupported by any legal consideration, (*Allen v. Bryson*, 67 Id., 591.)

Defendant and her parents were examined as witnesses, and they all testified that, when she attained her majority, her father requested her to remain with the family, and assist in the household duties, and in the care of the younger children, and promised to pay her for her services; also that some years after that there was an accounting between her and her father, and that he then gave her his promissory

note for the amount found due her, and that this note was surrendered when the note in suit on which she obtained the judgment was given, and that the debt evidenced by it constituted the greater part of the consideration of that note. This testimony is entirely uncontradicted. There are some discrepancies, it is true, in the testimony as to the time when the original agreement was entered into, and as to the compensation which defendant's father was to pay her for her services. It leaves no doubt in our minds, however, that the services were rendered under an agreement between the parties that defendant should be paid for them. The contrary conclusion could be reached only by discrediting entirely the testimony of these witnesses. But we are not at liberty to do that. The presumption is that they have told the truth with reference to the matters to which their testimony relates. These stories are neither incredible nor unreasonable, and, in the absence of contradictory evidence, we are bound to accept these statements as true. The debt, then, which was secured by the mortgage, was valid, and constituted a valid consideration for the mortgage.

The existence of a valid pre-existing indebtedness constitutes a consideration for a mortgage, as against the mortgagor and all other parties who had no equitable interest in the property at the time of its execution. *Meyer v. Evans*, 66. Iowa, 179.

AFFIRMED.