GEORGE W. HEWITT, Appellee, v. CARTER H. MORGAN, Appellant.

1. **Tax Title**: ACTION TO QUIET: RECORDING OF DEED: ISSUES: EVIDENCE. In an action to quiet a tax title, where the petition alleged that the tax deed was recorded in the proper county, giving the book and page, and this was not denied, and the answer, as a basis for affirmative relief, alleged that the said tax title and the record thereof constituted a cloud upon the defendant's title, *held*, that the recording of the deed was not in issue, and that no objection could be raised to it when offered in evidence, on the ground that it was not properly acknowledged, indexed and recorded, and that, upon the record, this court must presume that the deed was properly recorded.

2. **Deed**: DEFECTIVE ACKNOWLEDGMENT: FOREIGN NOTARY'S SEAL: EVIDENCE. In the absence of proof to the contrary, it will be presumed that the requirements of another state in which an acknowledgment is taken are the same as those of this state; and where, in such case, the notary's seal does not contain the words required by the laws of this state, the deed can not be received in evidence here in a case where the validity of the acknowledgment is material.

3. ———: ———: WHEN IMMATERIAL. Where the petition in an action to quiet title alleged, as a part of the plaintiff's claim of title, a conveyance from G. to C., and from C. back to G., and then from G. to K., and the conveyance from G. to C. was not denied, and the conveyance from G. to K. was proved with conflict, and the title upon which the defendant relied had been acquired by him long prior to the said conveyances, *held*, that the validity of the acknowledgment of the deed from G. to C. was immaterial, and that the exclusion of that deed from the evidence could not affect the merits of the case.

**4. Tax Title:** ACTION TO QUIET: LACHES OF HOLDER OF PATENT TITLE: ESTOPPEL.  Where wild land was sold for taxes, and a tax deed regular upon its face given therefor, and thereafter the holders of that title paid all the taxes on the land for more than twenty years and had been in possession for some years, and the holder of the patent title had in the meantime paid no attention to the land, *held*, that he could not be heard in a court of equity to plead, as a defense to an action to quiet the tax title, facts showing that title was originally invalid, where the facts relied upon were as patent many years before as they were when pleaded, and where no good excuse was shown for the delay in asserting the invalidity of the tax title.

*Appeal from Sioux District Court.*—HON. GEORGE W. WAKEFIELD, Judge.

TUESDAY, MAY 23, 1893.

ACTION in equity to quiet the title to eighty acres of land in Sioux county, claimed by the plaintiff through a tax deed.   There was a hearing on the merits, and a decree in favor of the plaintiff.   The defendant appeals. —*Affirmed.*

*Struble, Rishel & Hart* and *Pitts & Kessey*, for appellant.

*George W. Hewitt*, for appellee.

ROBINSON, C. J.—In the year 1859 a patent for the land in question was issued by the United States to the defendant Morgan.   On the twenty-sixth day of August, 1871, the treasurer of Sioux county executed and delivered to William H. Gurley a tax deed for the land, which purports to be based upon a sale for delinquent taxes of the years 1864, 1865, and 1866, held on the third day of August, 1868.   Subsequently conveyances of the land were made as follows:   By Gurley to Laura Chamberlain; by Laura Chamberlain to Gurley; by Gurley to John Koster; by John Koster to Jacob Koster; by Jacob Koster to the plaintiff; by the plaintiff, of an undivided one-half of the land, to A. Van

der Meide, and by him of an undivided one-half to the plaintiff.

The defendant alleges that the tax deed conveyed no title, and is void for various reasons set out in the answer. In a pleading styled a "cross bill" he avers that he is the owner of the land in question; that the plaintiff claims some interest in it by virtue of the tax deed, and that Gurley makes some claim as the holder of a mortgage thereon, executed to him by J. Koster, based upon the tax deed, but that the tax deed is void for reasons stated in the answer. The defendant asks that the petition of the plaintiff be dismissed; that the tax deed be declared null and void; that the record thereof be held for naught; that the mortgage be declared null and void; that the plaintiff and Gurley be estopped to claim any right in the land adverse to the defendant; and that the title thereto be established and confirmed in him.

The plaintiff, in his reply to the answer, and answer to the cross bill, and Gurley, in his answer to the cross bill, plead various matters in support of their title. In addition to the conveyance described, both the plaintiff and Gurley claim under a deed alleged to have been executed by the defendant to one Marcus T. Sacia, and under a deed from him to Gurley, but the defendant pleaded, and the district court adjudged, that the pretended deed to Sacia was forged. As the plaintiff does not appeal, he can claim nothing in this court under the deed to Sacia, but must rely upon the tax title. The other issues were found by the district court in favor of the plaintiff, and a decree was rendered quieting his title, and dismissing the cross bill. The defendant served his notice of appeal only on the the plaintiff and the clerk. Gurley does not appeal, and is not a party to the proceedings in this court.

I. The appellant contends that the appellee must fail because there is no evidence that the tax deed was

1. TAX title: action to quiet: recording of deed: issues: evidence. ever recorded. When it was offered in evidence, the defendant interposed to it nine objections, which cover nearly all of a printed page of the abstract. The eighth objection is stated as follows: "Because tax deed is not properly acknowledged, indexed, and recorded as required by statute." The appellant now insists that this objection was well founded. We find no competent evidence to show that the tax deed has been recorded, but we find that such evidence was not necessary. The petition alleges that the deed was "recorded in Record number 1, at page 26, of Sioux county records." That statement is not denied in any pleading filed by the defendant, and must, therefore, be taken as admitted. Moreover, in his answer the defendant, as a basis for affirmative relief, alleges "that the said pretended tax deed, and the record thereof, * * * constitute a cloud" upon his title. Among the numerous defects in the plaintiff's title alleged by defendant in his answer and cross bill, a failure to record the deed is not charged. No issue in regard to the recording of it was presented by the pleadings, and none could be raised by objection when the deed was offered in evidence. We are satisfied that a failure to record the deed was not urged as an objection in the district court, and it can not be insisted upon for the first time in this court. The condition of the record requires us to presume that the deed was not only recorded, but that it was recorded properly.

II. It is next urged that the deed from Gurley to Laura Chamberlain is not so acknowledged that it can 2. DEED: defective acknowledgment: foreign notary's seal: evidence. be received in evidence. The objection is founded upon the fact that the seal of the notary public who certified the acknowledgment in the state of Ohio is defective. On it are engraved only the words "Notarial Seal," the name of the county in which the certificate was

made, and the letter "O" for the name of the state. The law of the state of Ohio in regard to such seals is not shown. In this state the seal of a notary public is required to have engraved on it the words "Notarial Seal," the name "Iowa," and the surname, and at least the initials of the Christian name, of the notary. Code, section 259 (1). In the absence of proof to the contrary, it will be presumed that the requirements of another state in which an acknowledgment is taken are the same as those of this state. *Stephens v. Williams*, 46 Iowa, 540. If the admissibility of the deed in evidence depends upon the sufficiency of the seal, the deed must be rejected as not having been shown to be acknowledged as required by the laws of this state.

III. But the rejection of the deed as evidence can not affect the decision of the case, for several reasons, which may be stated as follows: The petition alleges that Gurley conveyed the land to Laura Chamberlain, and that averment is not denied in the pleadings of the defendant. If a conveyance to Laura Chamberlain is not shown, it does not appear that Gurley parted with his interest in the land until he conveyed it to John Koster. Gurley testified, without objection on the part of the defendant, that he at one time owned the land, and sold it to John Koster. The deed in controversy was good between the parties to it without an acknowledgment. As the defendant acquired the interest in the land which he claims before the deed was executed, he has not been affected by any want of notice of the deed, nor by any defect in its acknowledgment. We think the conveyance to the plaintiff of the rights created by the tax deed is both admitted and proved. There was no real controversy in the district court in regard to it.

IV. The appellant insists with much earnestness that the tax deed is absolutely void for reasons stated

4. Tax title: action to quiet: laches of holder of patent title: estoppel. as follows: *"First.* There was no tax sale in substance or in fact. *Second.* No taxes were levied in Sioux county for either of the years in question. *Third.* Said sale purports to have been made on August 3, 1868, and before that date the treasurer, by an adjournment of more than two months, had been divested of any authority to proceed with such sale. *Fourth.* The tax sale certificates upon which the tax deed in question was based had been settled for and canceled by Sioux county long before the execution of the tax deed." The sale in question was in all material respects like that considered in *Mathews v. Culbertson,* 83 Iowa, 434. The objections now made to the sale and to the tax deed were urged in that case, and the evidence to support them is substantially the same in both cases. The sale involved in this case was made for the delinquent taxes of the same years as the one questioned in that, and also for the delinquent taxes of 1864, but the same rules govern both sales and both deeds. The land in question was taxable in the year 1860 and subsequent years. The defendant did not pay them for any year after that of 1863. The land was sold for the delinquent taxes of the years 1864, 1865 and 1866. The plaintiff and his grantors paid the taxes for the year 1867, and for all subsequent years, to and including the year 1888. The plaintiff has possession of the land, and he and his grantors have had such possession since the year 1885. Prior to that time it had been unimproved and unoccupied. The defendant states that he has paid taxes on the land within less than twenty-five years, but is unable to state when he made the last payment. He says that prior to the year 1872 he sent money to the treasurer of Sioux county, but that no receipt for it was given. In that year one of his nephews visited Iowa, and by request of the defendant made an examination in regard to the land, and reported that it had been

sold for taxes, and that the time in which redemption could have been made had expired. About the first of the year 1884 he spoke to another nephew in regard to the land, and in the spring of 1886 that nephew caused an action to be brought in a district court of this state; which was transferred to the United States circuit court. Very little is shown in regard to that action excepting,. that the plaintiff, Jacob Koster, Van der Meide, and Gurley were made parties defendant, and the questions. raised by the pleadings were the same as those in issue in this action. The action was dismissed, apparently without a hearing, and without an adjudication on the merits. Nothing whatever which in any manner tends to excuse the delay of the defendant in protecting and asserting his title is shown. The evidence does not justify us in concluding that he paid, or attempted to pay, taxes for any year since the year 1864. When he stopped paying taxes, the land was of but little value, and there does not appear to have been any demand for it. In its immediate vicinity there was an abundance of land owned by the United States, and it may be that the defendant discontinued the payment of taxes for that reason. At least that is the most probable one suggested by the record. The plaintiff acquired title with constructive notice of the condition of the Sioux county records and the facts which they disclosed, and had knowledge of the claims of the defendant as. made in the action which he instituted in the year 1886. It is not shown, however, that the Kosters had any knowledge of the claim of the plaintiff when the conveyances to them were made, and the plaintiff is entitled to the rights which they acquired as purchasers in good faith.

It was said of the appellants in the *Mathews case* that they had failed to make that showing of merit and diligence which is required to justify the interference of a court of equity in their behalf. The reasons upon

which that conclusion is based are applicable to this case, and we must hold, not that the tax sale in question is valid, but that the negligence of defendant has been so great that he is not entitled to the assistance of a court of equity to ascertain whether his claim in regard to the sale and deed are well founded. The appellant contends that laches is available only as a defense, and that, if plaintiff wishes to rely upon it, he should have remained quietly in possession of the land until suit was brought to recover it, when he might have based his defense upon such laches. The answer to that is that the tax deed appears on its face to be regular, and to have conveyed a good title to the land. The plaintiff is in possession under the deed and is entitled to maintain and protect his possession as against adverse claims, which are not so grounded that a court will enforce them. The defendant makes adverse claims, but they can be enforced only by setting aside the tax deed. As he is not entitled to have that done, he has no claim which a court will recognize, and, therefore, the title of the plaintiff should be quieted as against the claim he makes.

We conclude that the decree of the district court is correct, and it is AFFIRMED.