## C. F. KRUGER v. WARREN WALKER, Appellant.

**Improper Tax Sale:** EVIDENCE. A tax deed was attacked on the ground of a fraudulent compact between the purchasers at the sale, to prevent competition. Plaintiff testified that he was offered and accepted from certain persons, money not to bid at the sale, but he was directly contradicted by one of the persons. In the registry of the sales the different sales to each person were grouped together, this being done for convenience. The evidence also showed that, at the sale, purchasers of all the land to be sold could not be procured. *Held*, that the fraudulent compact was not shown.

**Deeds:** PRIORITY. The testimony of the alleged grantee that he purchased the land, and of another witness that he, as the owner's agent, sold the land to him, and procured a deed for it from the owner, and evidence that, immediately after the alleged purchase, the grantee went into possession, shows a good title in such grantee, as against a person claiming under a quitclaim deed from the same grantor, executed after the prior grantee had been in possession seven years.

**Practice:** ADMISSION OF DEED: ACKNOWLEDGMENT. Acts Twentieth General Assembly, chapter 203, validates the acknowledgment of deeds taken in a foreign state, "acknowledged or proven according to the laws and usages" of such state. The evidence showed that there were no laws in the foreign state at the time of the acknowledgment, prescribing the form of acknowledgment. *Held*, that, in the absence of evidence that the acknowledgment conformed to the usages in such state in regard thereto, the record of the deed was inadmissible in evidence.

**Acknowledgment:** Deed. A deed voluntarily executed, though not acknowledged, is effective as against the parties thereto and all parties having notice thereof.

*Appeal from O'Brien District Court.*—HON. SCOTT M. LADD, Judge.

WEDNESDAY, MAY 15, 1895.

Action in equity to quiet in the plaintiff the title to two hundred and forty acres of land in O'Brien county,

claimed by the defendant. There was a hearing on the merits, and a decree for the plaintiff. The defendant appeals.—*Affirmed.*

*H. E. Long* and *Warren Walker* for appellant.

*J. L. E. Peck* for appellee.

Robinson, J.—The lands in controversy were purchased from the United States by one Sanders in the year 1857. In October, 1874, they were sold for delinquent taxes; and in January, 1878, redemption from the sale not having been made, treasurer's tax deeds for the land were executed to the purchaser, H. Greve, and duly recorded. The plaintiff claims title from Greve. The defendant claims to be the owner of the land by virtue of a conveyance thereof from the heirs of a grantee of Sanders, and alleges that the tax deeds to Greve were void for the following reasons: (1) Because no notice of the expiration of the right of redemption from the tax sale was ever given as required by law; (2) because the sale was unauthorized, and the deeds were executed and delivered without a compliance with the law. The defendant in a counterclaim asks that his title to the land be quieted as against the plaintiff. In a reply, the plaintiff pleaded that he had been in quiet and exclusive possession of the land more than five years since the recording of the tax deed. The district court quieted the title to the land in the plaintiff, and denied the defendant all relief. Two appeals have been taken in this cause. The first one is reported in 80 Iowa, 733. On the second appeal the cause was submitted, and an opinion was filed; but, on the petition of both parties, a rehearing was ordered, and the cause is again submitted for our determination.

I. The objections to the validity of the tax deeds urged in argument are, in effect, that the sale was not

free and open to all, but that a fraudulent combination was made by the purchasers to prevent competition. The evidence upon which this objection is founded is, in substance, as follows: In the tax-sale register the sales to the different purchasers are grouped together, apparently showing that each bidder was permitted to take the tracts he desired without interference, and that, when one purchaser was satisfied, another bid until he had obtained all he desired, and that the plan was followed to the end of the sale. The defendant testifies that he had intended to purchase some of the land which was offered for sale, but that he made arrangements with one Pumphrey and others, who purchased nearly all the tracts sold, that, in consideration of ten dollars paid to him, he would not bid at the sale, and that he carried out the agreement, and made no purchase the day the land in question was sold. It is shown, however, that the method of registering the sales made was to group together, as a matter of convenience, those made to each purchaser, and that the register did not show the order in which the various tracts were sold. The testimony of the defendant as to the agreement by which he was to refrain from bidding is positively denied by Pumphrey. It is shown that it was difficult to find bidders for all of the land offered, and considerable effort was made to sell the entire list; that only about three-fourths of the tracts offered were sold in October; that the sale was continued until December, when the defendant purchased seven forty-acre tracts, and that other sales were made in February and March of the next year. The burden is on the defendant to show the alleged combination. His testimony, especially when considered in connection with his interest in the case, is of a character to challenge scrutiny. It is the only direct evidence of a combination which is shown

by the record, and is wholly insufficient to overcome the testimony of Pumphrey, and the presumptions authorized by law that the sale was valid. We conclude that the defendant has failed to show any invalidity in the tax title of Greve.

II.  To show title in himself, the plaintiff offered in evidence two instruments in writing, which purported to be special warranty deeds executed by Greve and his wife to the plaintiff, and conveying the land in question.  The certificates of acknowledgment showed that the husband acknowledged the execution of the deeds in Minnesota in May, 1878, but failed to show that their execution was voluntary on his part, as required by the law of this state. The plaintiff attempted to cure that defect by showing that the acknowledgments were authorized by the law of Minnesota, and therefore were made valid in this state by chapter 203 of the Acts of the Twentieth General Assembly. That act contains the following: "*  *  * All deeds and conveyances of lands lying and being within this state heretofore executed and which said deeds have been acknowledged or proved according to and in compliance with the laws and usages of the state  *  *  * in which said deeds or conveyances were acknowledged and proved, are hereby declared effectual and valid in law to all intents and purposes as though the same acknowledgments had been taken or proof of execution made within this state and in pursuance of the acts and laws thereof  *  *  *"

The evidence shows that, when the deeds in question were made, there was no law in the state of Minnesota which prescribed the form or contents of an acknowledgment. But proof of that fact did not show that the acknowledgments in question were made valid by the act of the twentieth general assembly to which we have referred. That requires that the

acknowledgment which it legalizes shall have been "acknowledged or proved according to and in compliance with the laws and usages" of the state in which it was acknowledged or proved. Since no form was prescribed by the laws of Minnesota, the burden was on the plaintiff to show the usage of that state with respect to the form of acknowledgment but in that he failed. Several witnesses testified in regard to acknowledgments in Minnesota, but did not show the usage in regard to them.

III. We are next required to determine whether the plaintiff has shown himself entitled to the relief demanded, notwithstanding the defective acknowledgment of the deeds from Greve, under which he claims. He testifies that he purchased the land in question from Greve in 1878; that he paid for it the sum of two dollars and fifty cents per acre, and received the deed in question from Pumphrey, who acted as the agent of Greve in making the sale; that he took possession of the land when the deeds were given, and had held continuous possession of it since, paying all taxes thereon, and making valuable improvements. Pumphrey testifies that he sold the land to the plaintiff for two dollars and fifty cents per acre, and obtained the deeds for him; that in doing so he acted as the agent of Greve, and was paid by him a commission for making the sale. The testimony of the plaintiff and Pumphrey in regard to the sale of the land and the delivery of the deeds is undisputed. The conveyance under which the defendant asserts title was executed in the year 1884, nearly six years after the plaintiff took possession of the land, and recited a consideration of thirty-seven dollars. The defendant has never paid any taxes on the land, and has never had possession of it. It is evident that his claim was obtained for specu-

lative purposes, and that it is without equity. It is clear that it should not prevail against the title of the plaintiff. It is well settled that an acknowledgment is not essential to a deed of conveyance. If it is in fact executed and delivered voluntarily, it will be effectual as between the parties to it and all parties having notice of it. *Lake v. Gray*, 30 Iowa, 418; *Simms v. Hervey*, 19 Iowa, 287; *Haynes v. Seachrest*, 13 Iowa, 457; *Dussaume v. Burnett*, 5 Iowa, 95; *Blain v. Stewart*, 2 Iowa, 382; *Gould v. Woodward*, 4 G. Greene, 82; *Hewitt v. Morgan*, 88 Iowa, 468. The conveyance to the defendant was by quitclaim deed, and, at the time it was received, the plaintiff was and had been for years in actual and open possession of the land. Therefore, the defendant was chargeable with notice of his interest in it. The payment of the purchase price by the plaintiff, and the surrender to him of the possession of the premises, were sufficient, without the actual delivery of a deed, to give him a title to the premises superior to that of the defendant, even if it be conceded that the title of the latter would have been good but for the tax deeds through which the plaintiff claims. The delivery of the Greve deed to the plaintiff made his title good beyond question as against the defendant.

It is insisted by the defendant, however, that it was adjudged by this court on the first appeal that the plaintiff acquired no title to the premises in question, unless by the formal delivery of a deed duly acknowledged. An examination of the record and the opinion filed on the first appeal will show that this contention is not well founded. No question in regard to the effect of the deed independent of the acknowledgment was considered by this court on the first appeal. There was then but little evidence in regard to the actual

sale of the land by Greve to the plaintiff, and this court did not consider it in connection with any claim that such a sale was shown by parol evidence. The case had been so imperfectly tried in the district court that it was remanded for trial on the merits. The evidence to show a sale, presented on the second trial was different, and much more satisfactory than on the first, and is, as we have found, sufficient to entitle the plaintiff to the relief demanded. The decree of the district court is *affirmed*.