G. H. SCHUMACHER ET AL., Appellants, v. B. A. DOLAN ET AL., Appellees.

**Trusts:** EXECUTION: CONSIDERATION: ENFORCEMENT. A written declaration of trust need not be acknowledged and recorded: Nor is it necessary that it be based upon a consideration passing to the trustee: And upon delivery of a written declaration a complete trust is established, which will be enforced though voluntary.

**Same.** Where the holder of the legal title to land acknowledged in writing that another had an interest therein, and such other and his creditor agreed that the trustee should pay the debt from the proceeds of a sale of the land, to which the trustee also assented in writing, there was a binding declaration of trust based on the consideration of the indebtedness, as well as upon the implied release of the trustee's obligation to the debtor, which was enforceable against the trustee.

**Same: EVIDENCE.** The testimony of the trustee under the circumstances as above that he received no consideration for his agreement, that the beneficiary had no interest in the land and that he made the agreement simply as an accommodation to the beneficiary, was incompetent, both as a conclusion and as contradictory of the written agreements.

**Execution of instruments: PERSONAL LIABILITY.** Addition to a signature of words indicating that the instrument was signed in a representative capacity, without disclosing the principal, will not exempt the party signing from personal liability. And in this case even if the obligation was that of another the trustee having agreed to pay the debt was liable.

**Same: PROMISE TO PAY THE DEBT OF ANOTHER.** The promise of the trustee to pay the debt out of property held by him in trust is enforceable, although a claim therefor was never presented to the administrator of the deceased debtor's estate. And even though the promise be treated as a collateral rather than an original promise it was not barred, for the debt still existed, although not enforcible against the debtor's estate.

*Appeal from Des Moines District Court.*—HON. JAMES D. SMYTHE, Judge.

TUESDAY, FEBRUARY 13, 1912.

SUIT in equity to establish a lien or trust upon certain lands, the title to which is in defendant Dolan, for the appointment of a trustee in place of Dolan, and for other equitable relief. The trial court dismissed plaintiff's petition, and he appeals.—*Reversed* and *remanded.*

*W. J. Roberts* and *Wade, Dutcher & Davis,* for appellant.

*Blake & Wilson,* for appellees.

Deemer, J.—In April of the year 1905, the Midland Blast Furnace Company, by quitclaim deed, conveyed to defendant Dolan a tract of land in Lee county, Iowa, consisting of something over sixty-one acres. Shortly thereafter, and on September 21st of the same year, Dolan executed and delivered to James H. Renihan, now deceased, the following paper: "This memoranda made this 21st day of September, 1905, certifies that I hold in trust for J. H. Renihan one-half of the land I secured from the Midland Blast Furnace Co. subject to claims of Anderson Smith and others and costs & expenses against same." On December 12th of the same year, defendant sold nine and a fraction acres of said land, leaving about fifty-two acres still standing in his name. On September 20, 1902, G. H. Schumacher, now deceased, loaned to Renihan $1,200, taking as evidence thereof a promissory note, payable three months after date. Renihan added to his signature to the note the following, "Pastor of Saint Francis Church." In other respects, the note was in the ordinary form of such instruments. Interest was paid on the note for the years 1903, 1904, and 1905. In 1906 Schumacher urged payment of the principal sum, and Renihan made some payments thereon, but, being unable to pay it all he (Renihan) attempted to secure the same in the following manner: Evidently, after consultation with Dolan, he (Dolan) wrote the following: "Rev. & Dear Sir: 1. Rev. Jas. Renihan has half interest subject to expenses and advances by me in fifty-two acres. 2. They are not incumbered. 3. As he has no title he could not mortgage. The title stands in my name. 4. I do not care to mortgage it for him, but with his consent on his order I would account to you the amount of $1,000 when I sell. I have refused an offer of $3,600 recently for this tract. A year ago I was offered just half of that. I will let it go when I get

$5,200 which may be any day as Judge Parsons told me about the 1st that the rural mail carrier who owns forty acres across the track from this turned down an offer of $80 per acre. Yours very truly, B. A. Dolan." This letter was addressed to and was received by Schumacher. This was followed by an agreement between Rev. Gerh. H. Schumacher, creditor, and James H. Renihan, debtor:

"As soon as Mr. B. A. Dolan has sold certain fifty-two acres, in which Rev. James H. Renihan has one-half interest, said B. A. Dolan shall pay off a note of Rev. Gerh. H. Schumacher, signed by Rev. James H. Renihan, from the proceeds of said intended sale. Mr. B. A. Dolan is hereby authorized and ordered to act according to the above agreement. Keokuk, Iowa, June 15, 1906. Rev. Gerh. H. Schumacher. J. H. Renihan.

"I hereby promise and bind myself to act according to the above agreement. B. A. Dolan."

In May of the year 1908, defendant Dolan paid $100 on the note to Schumacher, but since that has paid nothing, and now denies that he ever held the land in trust, or subject to any claim or lien of the deceased, Schumacher. Indeed, he avers in his answer that he sold the fifty-two acres of land on August 17, 1907. Because of this conveyance, judgment is asked against him for the balance due on the note now held by Schumacher's administrator. For some reason, not apparent of record, judgment was denied.

Code, section 2918, provides that: "Declarations or creations of trusts or powers in relation to real estate must be executed in the same manner as deeds of conveyance; 1. TRUSTS: but this provision does not apply to trusts execution: resulting from the operation or construction consideration: of law." It is not essential to the validity enforcement. of a deed, as between the parties thereto, that it be acknowledged; and by analogy it follows that a written declaration of trust need not be acknowledged or recorded. *McMaken*

*v. Niles,* 91 Iowa, 628; *Kruger v. Walker,* 94 Iowa, 506; *Jones v. Berkshire,* 15 Iowa, 248.

Nor is it necessary to the validity of such declaration that it be based upon a consideration passing to the trustee. Upon delivery of the declaration, a perfect and complete trust is established, and it will be enforced, although voluntary. *Leeper v. Taylor,* 111 Mo. 312 (19 S. W. 955). From the opinion in that case, we quote: "The point is made, however, that it is void for want of consideration. It may be conceded that a court of equity will not enforce an executory agreement, based upon a voluntary consideration. But a settler possessed of a legal title may create a valid trust therein by a declaration that he holds the title in trust for the other person. A transfer of the title is not necessary. Bispham on Equity (4th ed.), section 67. Here the trust was duly declared by an instrument in writing and under seal. It is a perfect, complete trust; and such a trust will be enforced, notwithstanding the consideration is voluntary. *Lane v. Ewing,* 31 Mo. 75 (77 Am. Dec. 632). If a trust had been completely declared, the absence of a valuable consideration is immaterial. A perfect or complete trust is valid and enforceable, although purely voluntary. Pomeroy on Equity Jurisdiction (2d ed.), sections 996, 997. As this trust is perfect and complete, it must be enforced, though voluntary." As somewhat in point, see *Rea v. Wilson,* 112 Iowa, 517.

The agreement of June 15, 1906, to which Dolan assented and by which he bound himself, was a perfect promise, based upon a sufficient consideration. The consideration for the making of the principal agreement was the indebtedness from Renihan to Schumacher; and the agreement by Dolan to hold the interest of Renihan in the land and pay the proceeds thereof to Schumacher amounted to a release, to that extent, of his obligation to Renihan, which was also a sufficient consideration for the promise. Page on Contracts, sections 248,

2. SAME.

297, and 318, and cases cited; also *Gibson v. McIntire,* 110 Iowa, 417; *Chadwick v. Devore,* 69 Iowa, 637.

Over plaintiff's objections, Dolan was permitted to testify that he personally received no consideration for signing the various papers; that Renihan had no interest in

**3. SAME: evidence.** the property held by him and referred to in the instruments hitherto set out; and that he signed the papers, as a matter of accommodation, to save Renihan from humiliation. If we are right in the legal premise hitherto stated, it is manifest that this testimony, being largely a conclusion of the witness, was inadmissible, because it contradicted the written testimony; and for the further reason that it was inadmissible for Dolan to show, in the face of the written instruments, that there was no consideration therefor. The circumstances themselves show a consideration, and defendant Dolan's conclusion that there was none does not change the legal aspect of the case. Moreover, Dolan recognized the validity of the promise by paying $100 upon the Renihan note.

Renihan added to his signature the words "Pastor of Saint Francis Church," but the promise was personal, and there is nothing to indicate that he signed in a representa-

**4. EXECUTION OF INSTRU-MENTS: personal liability.** tive capacity. Code Supplement 1907, section 3060-a20, provides that: "When the instrument contains or the person adds to his signature words indicating that he signs for or on behalf of the principal or in a representative capacity he is not liable on the instrument if he was duly authorized. But the mere addition of the words describing as agent or filling a representative character without disclosing his principal does not exempt him from personal liability."

There is nothing in the record to show that Renihan signed for or on behalf of some other, who was a principal in the transaction, or in a representative capacity; but even if such were the fact, Dolan having assumed to pay the obligation, he can not now be heard to say that the in-

debtedness was not Renihan's personal obligation, but the promise of a church, of which he was pastor. The written instruments, together with the oral testimony, sufficiently identify both the land covered by the trust and the obligation which Dolan agreed to pay.

*5. Same: promise to pay the debt of another.*

It was not necessary to file the claim with the administrator of Renihan's estate. It is not barred as against Dolan, and his promise is an original one. Even if collateral, it is not barred, for the debt is still in existence, although, perhaps, not enforceable against Renihan's estate. *Allen v. Moer,* 16 Iowa, 307; *O'Donnell v. Hermann,* 42 Iowa, 60.

The trial court was in error in dismissing plaintiff's petition, and the judgment must be reversed, and the case remanded for one in harmony with this opinion. *Reversed and remanded.*