THE MINDEN CANNING COMPANY AND OTHERS, Appellees, v. H. J. HENSLEY AND OTHERS, Appellants.

**Corporations:** ACTION UPON STOCKHOLDERS BOND GIVEN TO OBTAIN CREDIT: DEFENSES: BURDEN OF PROOF. In this action upon a bond given by stockholders of a corporation to enable the corporation to obtain credit and carry on its business, the defendants have the burden of establishing a defense that the bond was not to become effective until signed by other stockholders, there being no such stipulation in the instrument itself; and the corporation having obtained the desired credit, and the bond having served its purpose, it can not be held invalid on any formal or technical ground.

**Same:** RELEASE OF STOCKHOLDERS: LIABILITY. The renewal of a note given by the corporation in this case did not release the corporate liability thereon, and did not as a matter of law release the obligation created by the bond executed by the stockholders to secure the payment.

**Same:** STOCKHOLDERS BOND: SCOPE OF OBLIGATION. The bond in question while securing all notes to local banks also provided that it should be in force for all obligations of the corporation in-

curred during a specified time; and it is held that it was not limited to debts due such local banks but covered a loan to the corporation from an outside bank secured for it by a local bank to which it first applied.

**Same:** TRANSFER OF STOCK: LIABILITY OF TRANSFEREE. One of the defendants in this action filed a cross petition against a party to whom he alleged he had sold his stock under an agreement of the assignee to assume his liability on the bond. *Held*, that an acceptance by the corporation of the obligation of the assignee in lieu of that of the cross petitioner was not essential to his right to maintain the cross action.

*Appeal from Pottawattamie District Court.*—HON. O. D. WHEELER, Judge.

FRIDAY, JULY 8, 1910.

ACTION in equity for the settlement of the business of an insolvent corporation and to enforce liability upon a bond given by the defendants to secure certain corporate indebtedness. There was a decree as prayed, and the defendants or some of them appeal.—*Reversed* in part, and *affirmed* in part.

*Saunders & Stuart* and *J. J. Hess,* for appellants.

*Reed & Robertson,* for appellees.

WEAVER, J.—The Minden Canning Company is a corporation organized at Minden, Iowa, at some date prior to the year 1905. This action was begun on March 25, 1907, in the name of said corporation, alleging that on January 16, 1905, the defendants H. J. Hesley, D. H. Pieper, and the Green Bay Lumber Company, with other stockholders, executed a bond to enable said corporation to obtain credit and carry on its business during the said year 1905; that upon the strength of the credit so obtained the corporation borrowed a large amount of money during

the year named; that said business was unprofitable, resulting in large losses, which compelled the corporation to go into liquidation; and that after applying all the corporate property and assets to the discharge of said indebtedness there remains still unpaid outstanding claims arising from the business of the year 1905 to the amount of $1,800. It is further alleged that some of the stockholders signing the bond have paid and discharged their obligation thereunder in full, but that defendants above named have neglected and refused to make contribution, and a decree is asked for an accounting and for judgment on the bond against said defendants. By an amendment to the petition subsequently filed the creditors of the corporation holding the claims in question became parties to the action. The bond to which reference has been made is in the following form:

### BOND.

Whereas the Minden Canning Company of Minden, Iowa, in the conduct of its business, is compelled to borrow money in excess of the amount authorized by law for a short period of time each season for the purchase of supplies and the employment of help, and whereas it is necessary in borrowing such money that the company give security for the repayment of money borrowed. Now, therefore, we the undersigned stockholders of the Minden Canning Company do hereby undertake and bind ourselves to fully protect and indemnify any and all persons who may become sureties on the obligations of the company, and we further guarantee the payment of all obligations of said Minden Canning Company for money borrowed and used in the business of said Minden Canning Company, whether such obligations be in the form of notes or overdrafts, at either of the Minden banks, and we hereby waive presentation for payment, notice of non-payment, protest, and notice of protest, of all notes or obligations upon which we may become liable hereunder. It is understood that the liability of the signers hereof shall be in proportion to the amount of stock held by them respectively, at the time of the execution hereof, as between the parties hereto.

And that this obligation shall be in force for all obligations and liabilities incurred by the Minden Canning Company during the year 1905, but not longer. Dated at Minden, Iowa, this 16th day of January, 1905.

This instrument bears the signature of the defendants D. H. Pieper, H. J. Hesley, the Green Bay Lumber Company, and twenty others of the stockholders of the corporation. E. Pickett was secretary of the company, and after the execution of said bond purchased the stock of the defendant D. H. Pieper. Amendments to the petition develop the fact that the indebtedness in question is evidenced by certain promissory notes given to certain banks for borrowed money, said notes being personally indorsed or guaranteed by certain of the stockholders who are parties to the action. Among the parties here mentioned is E. Pickett, the purchaser of the stock of D. H. Pieper. For answer to the petition the defendants deny that the bond in suit was ever delivered or ever became a binding obligation upon the defendants. They specifically aver that their signatures to said paper were obtained upon the understanding and agreement that the instrument was not to be delivered or to have any force or validity until it had been signed by all the stockholders of the company, and that it never was in fact signed by all of them. They further plead that there is a misjoinder of actions; that the time of payment of the indebtedness of the corporation was extended without their consent; that certain signers of said bond were released from their obligations thereunder without the consent of the defendants; that the indebtedness, to the payment of which defendants are asked to contribute, is not one which the bond was intended to secure, and that the notes given to the banks are not debts or obligations of the company. The defendant D. H. Pieper also filed a cross-bill against E. Pickett hereinbefore named alleging the sale to him of the Pieper shares of stock under an agreement by which the said Pickett

assumed all the liability of Pieper upon the instrument in suit, but that by mistake the written instrument evidencing said transaction did not fully or clearly express such agreement. He therefore asked that such writing be reformed to express the agreement as alleged, and that he have judgment against Pickett for any amount for which he himself might ultimately be found liable on such bond. The averments of the cross-petition were denied.

Upon hearing the evidence the trial court found for the plaintiffs that the indebtedness in question was contracted during the year 1905; that the bond was duly executed and delivered without any condition on part of the signers for its execution by all the stockholders; that all the property and assets of the corporation other than the bond in suit have been sold and disposed of and the proceeds thereof have been applied upon its indebtedness and that said bond is the only remaining means with which to discharge the balance of its said obligations; that by the terms of said bond the signers are not jointly liable for all said indebtedness but each is liable individually for a *pro rata* proportion thereof according to the number of shares of stock held by him and that upon this basis each share of stock represented by said bond is chargeable with the sum of $46.50 and the holders of said shares are required to make contribution accordingly. Upon this basis it was adjudged and decreed that the defendants H. J. Hesley, D. H. Pieper and the Green Bay Lumber Company be required to make payment and that the moneys thus realized be distributed and applied in due proportion to the corporate creditors. The cross-petition of Pieper against Pickett was dismissed by the court for reasons stated as follows: The court finds it unnecessary to determine the issue between the defendant, D. H. Pieper, and E. Pickett, for the reason that the liability of E. Pickett is not shown to have been accepted by the corporation in lieu of that of the defendant Pieper. An appeal from this decree was

perfected by H. J. Hesley, D. H. Pieper, and the Green Bay Lumber Company.

While many exceptions were taken by the defendants and some questions of fact are the subject of considerable dispute, counsel in presenting their appeal to this court confine their attention to the following points which we quote from their brief: "(1) The bond or instrument of guaranty sued on was never executed or delivered. (2) The defendants were released by the renewal of the indebtedness guaranteed. (3) The indebtedness was not such as was referred to and defined by the alleged instrument of guaranty. (4) The defendant Pieper was entitled to a decree reforming his contract with the plaintiff Pickett, and to decree and judgment over against Pickett for any sum adjudged against him in this action." These propositions we will briefly consider in the order stated:

I. While there is some conflict in the testimony of the parties who were present at the signing of the bond upon the question whether there was any agreement or

1. CORPORATIONS: action upon stockholder's bond given to obtain credit: defenses: burden of proof.

understanding that the bond should not become effective until signed by all the stockholders, we think the record quite satisfactorily sustains the conclusion of the trial court that this defense was not made out. No such stipulation appears in the instrument itself, and the burden was upon the defendants to establish it by a preponderance of the evidence. This we think was not done. Nor do we find any basis for doubt as to the sufficiency of the delivery. The paper was executed by most of the signers at a meeting at which all were present and conferred together upon the matter, and it appears that when this had been done it was at someone's suggestion put in the hands of one of the stockholders who was the cashier of a local bank as a convenient place of deposit where other stockholders who might be willing to sign it could do so. It was evidently regarded by all con-

cerned as a valid and effective instrument upon the strength of which the corporation might obtain credit and continue in business for the season of 1905. It served its purpose, and should not now be held invalid upon any merely formal or technical grounds. No good purpose can be served by entering upon a minute review of the testimony. A careful reading of the record satisfies us that this defense also was not made out.

II. It appears that the indebtedness incurred during the year 1905 or some of it was evidenced by notes which were renewed after the expiration of the year, and this it is claimed was sufficient to release the makers of the bond from any liability as guarantors or sureties. The case before us is not one calling for or permitting the application of the rule which counsel here invoke. The obligors upon the bond do not stand in the relation of indorsers or sureties upon the notes given by the corporation. The obligors are not sued upon the notes but upon the bond, and the liability of each thereon is, to the extent of his *pro rata* part, coextensive with the obligation of the corporation for all indebtedness incurred in the business of the year 1905, and as the renewal of the note could have no effect to release the corporation it would not operate as a matter of law to release the obligation created by the bond. We are cited to no authority holding with the appellants upon this proposition and we think none can be found.

2. SAME: release of stockholders from liability.

III. The contention that the indebtedness of the corporation to which appellants are adjudged liable to contribute is not of the kind or character contemplated by the bond is based upon the fact that among the obligations or debts of the company admitted by the trial court is a note of $1,500 to the First National Bank of Council Bluffs, Iowa. It is said that by the terms of the bond the obligors undertook to guarantee the company's debts to the local banks

3. SAME: stockholder's bond: scope of obligation.

only, and that a note to the Council Bluffs Bank was not within its contemplation. The construction which counsel put upon the bond is entirely too narrow. While it does include a guaranty of all notes and overdrafts of the company "*at* either of the Minden banks" it elsewhere declares that it "shall be in force for all obligations and liabilities incurred by the Minden Canning Company during the year 1905." Moreover, the loan in question comes fairly within the meaning of the bond as one of its "obligations at the Minden banks." The obligation of the bond is not limited to debts contracted *to* the Minden banks, and to so construe it is to unduly restrict its force and effect. It appears from the evidence that upon applying to one of the Minden banks for accommodation that bank instead of advancing the money from its own funds secured a loan for the corporation from the Council Bluffs Bank and that this is the indebtedness to which the appellants' objection is made. To sustain such objection requires a strained and unnatural interpretation of the terms of the instrument to which we are unwilling to subscribe.

IV. We are of the opinion that the district court erred in dismissing the cross-bill of the defendant Pieper. It was not essential to his right to maintain such cross-action that the corporation should have accepted the obligation of Pickett in place of the obligation of the cross-petitioner. If, as was alleged by him, he had sold his stock to Pickett under an agreement by which the latter had assumed his liability upon the bond, it was we think proper practice for him to set up that matter by way of cross-petition, and ask that in event a judgment was rendered against him he should be awarded a recovery to that extent against Pickett. Code, section 3574.

4. SAME: transfer of stock: liability of transferee.

It was of course no answer to the claim of plaintiffs, but it was a method which the law allows and encourages of bringing so far as practicable all controversies relating

to the same subject-matter of dispute in one action and thus avoiding multiplicity of litigation.

In so far as the decree dismissed the cross-petition it must be reversed, and cause remanded for further proceedings in harmony with this opinion, but in all other respects it is affirmed.—*Reversed* in part and *affirmed* in part.