A. W. MARKLEY, Appellee, v. E. A. LOCKWOOD et al., Appellees; J. W. DENBURGER, Appellant.

**PARTIES: Improper Joinder.** Defendant in an action for breach of an executory contract to convey a lot, pleading that the description of said lot was inserted in the contract by mistake of the scrivener, in copying the same erroneous description from a like but independent contract of his immediate grantor, may not implead said immediate grantor on the theory that, if defendant fails to prove the mistake, his immediate grantor is liable over to him.

*Appeal from Wayne District Court.*—HOMER A. FULLER, Judge.

FEBRUARY 16, 1920.

ACTION by plaintiff on a bond executed by sureties, and conditioned upon the performance of a contract for the conveyance of real estate by their principal. The failure to convey is alleged as a breach of the condition of the bond. The defense was that such provision of the contract as was not performed had been inserted in the contract by mutual mistake. By cross-petition of the defendant sureties, one Denburger was impleaded as a defendant. The principal or maker of the contract was Heidelbaugh. He, being deceased, was not made a party defendant by the plaintiff. However, his administrator appeared as an intervener, joining with the defendant sureties both in their defense against the plaintiff and in their cross-petition against Denburger. Denburger filed a motion to strike the cross-petition against him, and likewise the petition of in-

tervention, so far as it related to him, on the ground that the alleged cause of action set up by the defendants, as against him, was in no legal sense connected with the subject-matter of the plaintiff's cause of action; that no relief was asked against him except an alternative personal judgment; that he was a resident of Mahaska County, whereas the suit was pending in Wayne County; and that this alleged personal action could be maintained against him only in Mahaska County.

His motions to strike were both overruled, and he has appealed.—*Reversed.*

*Thomas J. Bray* and *John E. Lake,* for appellant.

*Carter & Bracewell* and *McGinnis & McGinnis,* for appellees.

EVANS, J.—The history of the transaction between the original parties, leading up to the giving of the bond sued on, is brief. For convenience, we shall refer to Heidelbaugh as though he were the intervener, rather than to his administrator. The plaintiff, Markley, and Heidelbaugh entered into an exchange of property, whereby Markley transferred to Heidelbaugh a certain stock of goods, and whereby Heidelbaugh agreed, by written executory contract, to convey to Markley certain real property, consisting of town lots in the town of Eddyville, Iowa, and certain lands in a certain Section 31, in Mahaska County. The real property so conveyed or intended to be conveyed was held by Heidelbaugh by an equitable title, under an executory contract for a conveyance executed by Denburger, appellant herein. It appears that Denburger held the same property by equitable title under an executory contract with one Myrick. In the settlement between Heidelbaugh and Denburger, Myrick conveyed direct to Heidelbaugh. Thereafter, Heidelbaugh conveyed to the plaintiff, Markley. The

lands were described in the contract to Markley as Lots 2, 3, and 4 of an irregular survey in said Section 31. It is averred, in the petition of intervention of Heidelbaugh, that the inclusion of Lot 4 as a part of the description was a mutual mistake; that it was no part of the property in the contemplation of the parties; that it was entirely disconnected and separated in location from the property in actual contemplation of the parties; that Heidelbaugh did not own nor claim to own Lot 4; that the inclusion of the same in the contract was a mistake on the part of the scrivener; that Lot 4 had been, by mistake, included in the description in the Denburger contract; that, in drawing the Markley contract, the scrivener copied the description from the Denburger contract, and thereby incorporated in the Markley contract the same mistake which had been made in the Denburger contract; that Denburger did not own Lot 4, and did not intend to contract the same to Heidelbaugh, nor did Heidelbaugh intend to purchase the same from Denburger; that said Lot 4 was and is the property of Myrick, and Heidelbaugh neither claimed nor claims any right thereto; that Heidelbaugh did not intend to sell, nor Markley intend to buy, said Lot 4; that the property actually intended to be sold was by Heidelbaugh duly conveyed to Markley, and possession given, and the same was accepted and acquiesced in by Markley for a long time before he set up any claim to Lot 4.

The foregoing is the substance, though not the words, of the petition of intervention. It is in the nature both of a defense and a counterclaim against Markley. The prayer is that the Markley contract be reformed so as to express the true intention of the parties, and that Heidelbaugh and his sureties on the bond be absolved from all liability to Markley by reason of the failure of Heidelbaugh to convey said Lot 4. No relief is prayed as against Denburger, except in the alternative. The prayer as to Denburger is

that, if Heidelbaugh or his sureties are held liable to Markley, then that they have judgment over against Denburger for the same amount of liability so adjudicated.

The allegations of the cross-petition of the sureties as against Denburger are, in substance, the same as the foregoing, except that they plead a want of knowledge or information as to the true facts. The averments of both of these pleadings are consistent, and the parties are represented by the same counsel. We have no occasion, therefore, to differentiate between them. It will be seen that the petition of the plaintiff is at law. The petition of intervention presents an equitable defense, and seeks equitable relief in the reformation of the contract. This may be done in an action at law. The intervener and the sureties will doubtless be entitled to a trial first of the equitable issue thus presented. If they are entitled to equitable relief at all, they are so entitled before the trial at law. It is the contention of Denburger by his motions that he is not and cannot be properly impleaded in this action; that he is an actual resident of Mahaska County, whereas this action is pending in Wayne County; that to implead him is to cause a misjoinder of causes of action.

Of course, if Denburger could be properly impleaded in this suit anywhere, even in Mahaska County, then necessarily he could be impleaded therein wherever it was properly brought by the plaintiff. It follows, also, that, if he could be properly impleaded herein in any form of action, then there is no misjoinder. On the other hand, if it be true that Denburger is not properly impleaded herein, then he is being sued in the wrong county, and the alleged cause of action against him is misjoined with independent causes of action between other parties. So that the real and ultimate question before us goes to the heart of the alleged cause of action against Denburger. Is he properly impleaded herein?

I.  If Heidelbaugh had brought an independent action against Denburger, could he, upon the facts alleged in his petition of intervention, have recovered any money judgment or other relief against Denburger? Manifestly not. If he could not, his sureties on the bond to Markley could not. Their right of subrogation, if any, would be a right of subrogation only, and could rise no higher than that of their principal. If the Denburger contract had been an undertaking on his part to carry out Heidelbaugh's contract with Markley, quite a different question would be presented. It was not such. It had been made before the Markley contract was entered into. The mutual rights and liability of Heidelbaugh and Denburger had, therefore, been fixed by their contract before the Markley contract was entered into by Heidelbaugh. What they were then, they necessarily continued to be thereafter, unless there was some subsequent undertaking or conduct on the part of Denburger which created a new liability. No such undertaking or conduct is pleaded. He had nothing to do with the Markley contract.

The intervener concedes that Denburger is in no manner liable to him unless *he* is held liable to Markley. His contention, in substance, is that, if *he* is held liable to Markley for *his* mistake, Denburger should be held liable to him for the same amount for the same mistake. This is a *non sequitur*. Of course, if the intervener proves that Lot 4 was not within the contemplation of himself and Markley in their contract, and that it was incorporated in the description by mistake, that would defeat Markley. In such event, the intervener concedes that Denburger may go hence. But if the intervener should fail to prove the alleged mistake, as between him and Markley, and should, therefore, be held liable in damages, would it follow therefrom, as a matter of law, that the conceded mistake in the Denburger contract was not such? Manifestly not. And

yet the position of the intervener drives him to an affirmative answer to that question. The liability, if any, of Denburger to Heidelbaugh must be predicated upon the mistake in the Denburger contract. That mistake was wholly independent of the Markley contract, and was made before the Markley contract came into existence. The only relation claimed between the two contracts is that, in the drawing of the Markley contract, the scrivener thereof was misled by the mistake in the Denburger contract, and was thereby led into making the same mistake in the Markley contract. Clearly, this inadvertent act on the part of the scrivener did not create a new liability against Denburger.

These two mistakes in these two successive contracts are related to each other only in the sense that the first is a circumstance which may properly be received in evidence on a trial of the issue of the alleged mistake in the second contract. In a trial of the issue between Markley and the intervener, it may be proper to show the mistake in the first contract as explanatory of the circumstance which led to the mistake in the second. While the fact of mistake, if so proven, in the first contract would not be binding, in any legal sense, upon Markley, it would, nevertheless, be admissible in evidence, as explanatory of the circumstances which led to the mistake, if any, in the Markley contract, and as corroborative of testimony for the intervener that the same mutual mistake was made in the Markley contract. In no other sense is there any relation between these two mistakes, or between the Denburger and the Markley transaction.

Needless to say that, if the intervener can show, on a trial between him and Markley, that Lot 4 was not within the contemplation of the parties at the time the contract was entered into, he will have no need of alternative relief. The fact that Heidelbaugh did not own nor expect to own nor claim to own Lot 4 is an important circumstance which

is available to him in making such proof. If it be true that Markley accepted from him a deed which omitted Lot 4, and went into possession under his deed of the other property, and acquiesced for an appreciable time, as averred in his petition, this fact also is available to him as evidence, and as such, would be deemed a persuasive circumstance. On the other hand, if these proofs fail, and it be found that the intervener is entitled to no relief as to Markley, such result could in no manner affect the question of mistake in the Denburger contract.

We deem it clear, therefore, that the alleged cause of action set up against Denburger and the relief sought thereby neither affects the subject-matter of the action nor is affected thereby; nor does it relate to or depend to any degree upon the contract or transaction upon which the action was instituted; nor does it affect the property to which the action relates. *First Nat. Bank v. Dutcher,* 128 Iowa 413; *Farmers & Merchants Bank v. Wood Bros.,* 143 Iowa 635; *Minden Canning Co. v. Hensley,* 149 Iowa 168; *Eller v. Newell,* 159 Iowa 711; *Fulton Bank v. Mathers,* 161 Iowa 634.

It follows that Denburger was not properly impleaded in this suit, and that his motions to dismiss as to him should have been sustained.—*Reversed.*

WEAVER, C. J., PRESTON and SALINGER, JJ., concur.