A. H. HOWELL, Appellant, v. P. JACKSON et al., Appellees.

**PLEADING: New Parties—Intervention—Want of Privity.** In an action by plaintiff for *damages* resulting from defendant's failure to convey land as per contract, a stranger to whom plaintiff has contracted to convey the same land may not intervene, and pray (1) the specific performance of the contract between plaintiff and defendant, (2) the specific performance of the contract between plaintiff and intervener, and (3) subrogation to any judgment which plaintiff may obtain against defendant.

**PARTIES: Plaintiffs—Contract to Convey Lands.** A plaintiff who is entitled to a conveyance of certain lands does not cease to be the real party in interest for the recovery of damages for the nonconveyance of said lands because of the fact that he has himself contracted to convey said lands to another party.

**VENDOR AND PURCHASER: Damages—Insufficient Evidence.** Record reviewed, and held to contain no evidence from which the court could determine the damages resulting from a failure to convey lands.

**VENDOR AND PURCHASER: Action for Damages—Effect.** An action for *damages* for the nonconveyance of lands works a waiver of the right of rescission, and of the plaintiff's right to have his deed canceled.

*Appeal from Mahaska District Court.*—CHARLES A. DEWEY, Judge.

MARCH 15, 1921.

REHEARING DENIED OCTOBER 1, 1921.

Action for specific performance, and to recover damages for the alleged breach of a written agreement to convey real property, and to cancel and set aside a deed executed by plaintiff and wife on August 28, 1917, conveying 160 acres of land in Poweshiek County to the defendant Jackson, and to cancel the record thereof. Intervention by the assignee of a contract whereby plaintiff agreed to convey to one Van Treese a certain 30-acre tract, described in the contracts entered into between him and defendant Jackson. Plaintiff moved that petition of intervener be stricken. Motion overruled, and hearing on the issues tendered thereby continued. A trial was had, resulting in the dismissal of plaintiff's petition and judgment for defendants for costs. Plaintiff appeals.—*Affirmed.*

*Thomas J. Bray* and *John E. Lake,* for appellant.

*McCoy & McCoy, J. C. Heitsman,* and *C. C. Orvis,* for appellees.

Stevens, J.—By the terms of an agreement in writing, entered into between them on August 25, 1917, the defendant P. Jackson, appellee herein, agreed to convey to A. H. Howell, plaintiff and appellant, 30 acres of land in Mahaska County, subject to two mortgages aggregating $6,500, 80 acres of land in Poweshiek County, subject to a mortgage of $9,000, and two dwelling houses in Ottumwa, unincumbered, in consideration of which Howell agreed to convey to Jackson 160 acres in Poweshiek County, subject to a mortgage for $23,400, each party agreeing to pay interest and taxes, and furnish abstracts showing good title to the several tracts owned by the respective parties. Howell promptly executed a deed conveying the 160-acre tract in Poweshiek County to Jackson, and delivered the same in escrow to a bank in Ottumwa, to be delivered to Jackson, upon his compliance with the terms and conditions of the contract. Jackson failing to furnish abstracts showing good title, and to convey to plaintiff the several tracts described therein, action was commenced by plaintiff against him, to compel the specific performance of the contract. Some time after the action for specific performance of the contract was instituted, it developed

that Jackson was unable, because of certain defects in the title to a part or all of the real estate owned by him, to specifically perform the terms thereof. Thereupon, plaintiff filed an amendment to his petition, waiving his claim for specific performance of the contract, and demanding judgment for damages on account of the breach of the contract.

During the progress of the litigation, a settlement was had between the parties, which eliminated all of the issues except plaintiff's claim for damages against Jackson, resulting from his failure to convey the 30-acre tract, and a prayer for the cancellation and setting aside of the deed executed by him and delivered to the bank in escrow, which he alleged the defendant fraudulently obtained from the office of the clerk of the district court, and caused to be recorded. It appears from the record that, upon a former trial of this cause, the deed referred to was introduced in evidence, and left in the custody of the clerk; and that, upon application by the defendant Jackson, an order was entered by the court, authorizing him to withdraw the deed from the clerk's office and to forward the same to the county recorder of Poweshiek County for record. The deed was withdrawn by defendant, placed of record, and promptly returned to the clerk. Some time before the deed was recorded, Jackson conveyed the 160-acre tract in Poweshiek County to the defendant M. W. Beach, who later was made a party to this action, and cancellation of the deed was prayed, as stated. Immediately before the cause was reached for trial, B. F. Burwinkle filed a petition in intervention, alleging that he was the assignee of a contract entered into on October 12, 1917, between plaintiff and one Van Treese, by the terms of which the former agreed to convey the 30-acre tract to the latter. Intervener prays the specific performance of the contract entered into between Howell and Jackson, and of the contract entered into between Howell and Van Treese, and for subrogation to any judgment obtained by Howell against Jackson; and, as alternative relief, asks judgment for damages against them.

Counsel for appellant in due time moved that the petition of intervention be dismissed, upon the grounds that it was filed too late, and that intervener had no interest in the subject-matter of the suit. When plaintiff rested, defendants filed a

motion to dismiss plaintiff's petition; and this motion was sustained by the court. Plaintiff complains of the ruling on the motion to strike the petition of intervention, and of the dismissal of his petition, and of the judgment entered against him for costs.

I. Plaintiff was not asking a decree of specific performance, at the time of the trial in the court below, but demanded judgment for damages which he alleges he suffered on account of the failure of Jackson to convey the 30-acre tract to him, as agreed. There is no privity of contract between intervener and either of the defendants. Whatever claim he may have is for the specific performance of the contract assigned to him by Van Treese, or for damages on account of the breach thereof against the plaintiff. Intervener has no interest whatever in plaintiff's claim for damages against Jackson for the breach of the contract entered into between Jackson and plaintiff on August 25, 1917. This is true, notwithstanding the concession of appellant's attorney that any damages recovered by plaintiff against Jackson will be turned over to Van Treese or to intervener. Evidently, at the time of making this concession, counsel knew that appellant could not perform the terms of his contract with Van Treese or his assignee, by conveying the 30-acre tract, and that possibly intervener or his assignor might claim damages on account of the breach of said contract. The mere purpose of plaintiff to turn over to intervener or to Van Treese the proceeds of any judgment he might recover against Jackson, in settlement of damages resulting from the breach of his contract with Van Treese, conferred no right of subrogation or other right upon the intervener. Plaintiff's claim for damages against Jackson resulted from the breach of one contract, and intervener's claim for damages against Howell from the breach of another and wholly unrelated contract. Intervener clearly had no interest in the subject-matter of the litigation between appellant and Jackson. The motion to strike the petition in intervention should, therefore, have been sustained. *Markley v. Lockwood*, 188 Iowa 357.

1. PLEADING: new parties: intervention: want of privity.

II. The principal ground of the motion filed by the defendant Jackson, at the close of the testimony, to dismiss plain-

tiff's petition, was that the evidence disclosed that Howell had

2. PARTIES:
plaintiffs:
contract to
convey lands.

no interest in the subject-matter of the litiga-
tion, and that the cause of action was not being
prosecuted in the name of the real party in
interest. As stated, the contract between Howell and Jackson
was entered into on August 25, 1917, and the contract between
Howell and Van Treese on October 12, 1917. The latter con-
tract was assigned by Van Treese to B. F. Burwinkle, intervener
herein, on November 13th. Van Treese also, at the same time,
and as a part of the same instrument, assigned to intervener all
claims which he might have for damages, or for the specific per-
formance of the contract. Howell, however, did not make any
assignment to Van Treese or Burwinkle of his claim for dam-
ages against Jackson for the breach of his contract. By the
terms of the latter contract, Howell agreed to convey to Van
Treese the 30-acre tract purchased of Jackson. In the mean-
time, the holder of one of the mortgages upon the 30-acre tract
brought suit in equity therefor, and obtained a decree of fore-
closure, in pursuance of which the land was sold on special
execution, to one McCarty. Later, Jackson redeemed from the
foreclosure sale, and, as we understand the record, conveyed
the 30-acre tract by quitclaim deed to one Dunwoody, who, so
far as the record shows, was the holder of the record title at
the time of the trial. It was not necessary for plaintiff to
prosecute to final judgment an action against Jackson for dam-
ages resulting from the breach of the original contract, before
he could enter into an independent contract with a third party
for the sale of the 30-acre tract. The cause of action alleged
in plaintiff's petition did not pass, by assignment or otherwise,
to Van Treese under the contract entered into with him for the
exchange of the land in question for other lands. Plaintiff is,
therefore, the real party in interest, and the only person who
could maintain this action against Jackson for damages for the
breach of the contract of August 25, 1917.

The grounds of the motion to dismiss plaintiff's petition

3. VENDOR AND
PURCHASER:
damages: in-
sufficient
evidence.

were not well taken; but, as the case is triable
de novo in this court, we must dispose of the
issues upon the merits. The cause was submitted
upon defendant's behalf without the introduc-

tion of any testimony. The exchange was of the equities in the respective tracts of land, and the only testimony introduced for the purpose of showing damages was that of plaintiff, who expressed the opinion that the 30-acre tract was worth from $250 to $275 per acre. It appears, however, from the cross-examination of one of plaintiff's witnesses that this tract was sold, on foreclosure of one of the mortgages, to one McCarty for $59; and that Jackson, after redeeming from the foreclosure sale, paid a deficiency judgment of $1,500. There is also some evidence to the effect that, at the time of the redemption by him, and the satisfaction of the deficiency judgment, a settlement was had between the parties, and a quitclaim deed conveying the land to Dunwoody was executed by Jackson. Taking the record as a whole, we are of the opinion that plaintiff's claim to damages is without merit. The value of the tract appears not to exceed the amount of the incumbrances thereon. In any event, we cannot, on the record before us, fix any sum as damages suffered by him. Therefore, nothwithstanding the motion to dismiss, plaintiff's petition should have been overruled. We reach the conclusion on the merits, as the record was made up when plaintiff rested, that the judgment and decree of the court should be affirmed. Plaintiff, by demanding judgment for the breach of the contract, fully ratified and confirmed the contract, and is in no position to complain of the withdrawal and recording of the deed to the Poweshiek County land. He does not ask and is not entitled to a decree of rescission. The court rightly dismissed the petition as against the defendant Beach. The judgment and decree below are—*Affirmed.*

4. VENDOR AND PURCHASER: action for damages: effect.

EVANS, C. J., ARTHUR and FAVILLE, JJ., concur.