THE FIRST NATIONAL BANK OF WASHINGTON V. SNELL, AIKEN & CO.

Bills and notes: CONSIDERATION: CONTRACT. S., A. & Co. were railroad contractors. A. was a sub-contractor of S., A. & Co. A. was indebted to M & R., merchants, with whom they had been, and desired to continue, trading, in the sum of $700. To secure a credit on the books of M. & R. in favor of A., as security for the past account and further

advances, and without which M. & R. were unwilling to furnish further supplies to A., it was agreed that S., A. & Co. should accept a draft for $1,000, to be drawn on them by A. in favor of M. & R., which was accordingly done. The amount of this acceptance was not deducted by S., A. & Co. from the first estimates of work due from them to A., but, pursuant to their agreement, carried over to be deducted from the next estimate. A short time after receiving the first estimate after the acceptance, A. absconded, leaving the work which he had undertaken to perform. Suit being afterward brought against S., A. & Co. on their acceptance, it was *held*, that the acceptance was not in the nature of accommodation paper, that it was supported by a sufficient consideration, and that plaintiff was entitled to recover the full amount of the draft, although it appeared that, at the time A. absconded, he was indebted to M. & R. to the amount of only $700. The agreement of M. & R. to credit A. $1,000 on their books, in consideration of the acceptance, made the consideration on their part complete. COLE, J., dissenting.

*Appeal from Jefferson District Court.*

THURSDAY, JULY 27.

ACTION upon a draft drawn in Fairfield, July 9, 1870, by George Armstrong, upon defendants, for $1,000, payable to Mayers & Rich on the 15th day of August following. The instrument, which is not negotiable, was accepted by defendants and assigned to plaintiff. Defense that plaintiff is not the owner of the draft, that an acceptance of the draft was procured through fraud, and without any consideration. Upon a trial to the court without a jury, judgment was rendered in favor of plaintiff. Defendants appeal.

*C. Negus* for the appellants.

*Slagle & Achison* for the appellee.

BECK, J.—The facts of the case, as found by the district court, in the language of the record, are as follows:

"1st. The defendants were, at the dates of the transactions hereinafter given, contractors for the construction of

the railroad and certain bridges of the Chicago and South-western railway; and G. Armstrong, a sub-contractor under defendants, for certain sections of said work, a portion of which was near the town of Washington, and a portion near the Ashland Crossing of the Des Moines river; and Mayors & Rich were merchants, doing business in the town of Washington.

"2d. Said Mayers & Rich had, prior to July 9, 1870, furnished said Armstrong goods, on which there was a balance due of $700; and Armstrong desired them to establish a supply store at said Ashland Crossing, and still continue to furnish his hands with goods and groceries, and charge the same to his account; and Mayers & Rich were unwilling to do so without security for the past account and the further advances. Defendants knowing of the condition of affairs between said Mayers & Rich and said Armstrong (*except as to the amount still due on the old account, of which they were not fully advised*), and being willing to favor the arrangement of establishing the supply store, it was agreed between said three parties that Armstrong should draw an order on defendants, in favor of Mayers & Rich, for $1,000, which should be accepted by the defendants, and they should receive their pay from Armstrong, by deducting the amount of the draft from the sum due him for his work on said road for the month of July, 1870, to be estimated and paid August 15, 1870; that said Mayers & Rich should establish the supply store at said Ashland Crossing, and furnish goods to said Armstrong and hands; that Armstrong should be credited by Mayers & Rich for the amount of said draft, and charged with the goods, and when the account equaled the amount of the order, another was to be drawn, and accepted in like manner, *and if Armstrong failed to take up the amount of the order, he was to have credit for the balance.* And, in pursuance of this plan, the draft in suit was drawn and accepted, and Armstrong was charged by

defendants with the amount of the draft. Whether he was credited by Mayers & Rich therefor, on their books, does not appear from the evidence.

"3d. July 14th, Armstrong drew from defendants about $10,000, being the balance due him for his June work; but this draft was not deducted, the parties intending to carry out their agreement to deduct it from the July work, due August 15, 1870.

"4th. July 15th, said Armstrong absconded, and is still absent in parts unknown to these parties.

"5th. Said Mayers & Rich had, prior to the absconding of Armstrong, purchased goods and lumber to erect a building, preparatory to establishing the supply store, according to agreement, but, in consequence of said Armstrong abandoning his work, did not do so.

"6th. What was the value of the work performed by Armstrong for defendants on said road in the month of July, or what were the terms and provisions of the contract between them in relation to said work, or what was the state of the account between them, does not appear from the evidence.

"7th. Two weeks after the absconding of Armstrong, the plaintiff, with whom said Mayers & Rich made their deposit, and did their banking business, with knowledge that said Armstrong had left, but not knowing that defendants had any defense to said draft, discounted the same for said Mayers & Rich, and the same was indorsed by them, and delivered to plaintiff, and placed to their credit on their bank account; and a few days thereafter they drew on plaintiff for $3,500, exhausting their entire deposits, including said draft, except $10 or $12.

"8th. Payment of said draft was duly demanded of defendants at maturity and refused, and the same was protested for non-payment."

Upon these facts the district court rendered judgment against defendants for the full amount due upon the draft.

The defendants claim that the judgment is not authorized by the facts found by the court.

I. The consideration for the acceptance of the draft by defendant moved from Armstrong, and it cannot be pretended that a failure thereof is shown by the facts as stated by the district court. The present and future indebtedness of defendants to Armstrong was the consideration for the acceptance. The draft then is not in the nature of accommodation paper, but given for a sufficient consideration. It may be fairly presumed from the statement of facts, that when the draft matured defendants were indebted to Armstrong; it certainly cannot be pretended that it is shown that they were not so indebted.

II. The defense of fraud is equally as unsupported. Defendants were informed of the arrangement between Mayers & Rich and Armstrong; that Armstrong owed them, though they were not informed of the precise amount, and that the draft was given to pay such indebtedness; that Armstrong was to receive a credit for the amount of the draft, and any amount he failed to take up would stand as a credit on Mayers & Rich's book in his favor.

If Mayers & Rich have failed to advance goods to Armstrong to the amount of the draft, after deducting the amount claimed against him, or in any other way failed to pay him, he has a claim on them for such an amount as may be unpaid. Defendants for a sufficient consideration gave these papers to Mayers & Rich, for the purpose of paying Armstrong's debt, and securing him a credit upon their books for an additional sum. Mayers & Rich have, under the arrangement, become indebted to Armstrong. Defendants cannot defeat recovery against themselves for the very sum which they, by their contract, induced Mayers & Rich to become indebted to the other party.

It is insisted that as Armstrong owed Mayers & Rich only $700, recovery in no case could be for a greater sum

in favor of plaintiff. But in this view the fact that they owe Armstrong under the arrangement is not considered. One of the objects of the transaction was to create a credit on the books of Mayers & Rich, in favor of Armstrong, whereby they became his debtor to the extent of $300. This sum Armstrong or his creditors, by proper process, may collect from Mayers & Rich. Now, admitting that plaintiff stands in no better position than they do, it is very plain that recovery may be had on the draft to the full amount thereof. If defendants are able to show themselves to be the creditors of Armstrong, the amount of Mayers & Rich's indebtedness to him is not beyond their reach. If they are not such creditors they certainly have no cause of complaint.

The judgment of the district court must be

Affirmed.

COLE, J., dissenting.