J. H. QUEAL & Co., Appellant, v. JAMES PETERSON.

**Guaranty contract:** CONSIDERATION: FORBEARANCE. An agreement to forbear the enforcement of a claim is a valid consideration for the promise of a third party to pay the debt of another, but the mere fact of forbearance is not sufficient evidence from which to infer the promise; there must be a showing that the creditor did in fact forbear at the request of the debtor upon the strength of the third party's promise.

*Appeal from Lyon District Court.*— HON. WM. HUTCHINSON, Judge.

THURSDAY, JUNE 4, 1908.

ACTION on a written instrument of guaranty. At the conclusion of the evidence there was a directed verdict for defendant, and from the judgment thereon plaintiff appeals. — *Affirmed.*

*Simon Fisher,* for appellant.

*E. C. Roach,* for appellee.

McCLAIN, J.— On April 8, 1896, one Nielson was indebted to plaintiff on a promissory note for $120 then past due, and defendant executed to plaintiff his promise to pay

the same in the following words: "In regard to the N. S. Nielson note of $120 held by you and due September 1, 1895, if this note is not paid by said Nielson by October 1, 1896, I hereby agree to take it up October 1, 1896, for $100." Action being brought against defendant on this obligation, nonpayment by Nielson of his note being alleged, defendant denied his liability on the ground that his obligation was entered into without any consideration, and the evidence showed that, while defendant did voluntarily undertake to satisfy Nielson's obligation for $120, with interest, by paying $100 at a future date, provided Nielson's note then remained unpaid, there is no evidence that defendant requested plaintiffs to forbear suit on the Nielson note, or that plaintiffs agreed to forbear such suit, or that plaintiffs did forbear in reliance on defendant's guaranty. An agreement to forbear for a time the enforcement of a claim is a valid consideration for the promise of a third person to pay. *Burke v. Dillin,* 92 Iowa, 557, 564; *Rix v. Adams,* 9 Vt. 233 (31 Am. Dec. 619). While it seems to have been thought at one time that the promise to forbear which would serve as consideration for a guarantee by a third person must be for a definite time, or for a reasonable time, nevertheless it has been held that, where there is an agreement to forbear, it will be presumed to be for a reasonable time in the absence of any stipulation as to a specified time. *Strong v. Sheffield,* 144 N. Y. 392 (39 N. E. 330); *Sidwell v. Evans,* 1 Pen. & W. (Pa.) 383 (21 Am. Dec. 387). If the creditor does in fact forbear from suing at the request of another, there is a good consideration for the guaranty of the indebtedness in connection with such request. *Crears v. Hunter,* 19 Q. B. D. 341. But the mere fact of forbearance is not sufficient evidence from which a promise to forbear may be presumed, in the absence of any circumstances from which such agreement may be inferred. *Manter v. Churchill,* 127 Mass. 31.

As the defendant did not request plaintiffs to forbear

suit on the Nielson note, and plaintiffs did not agree to do so, the fact of forbearance does not indicate that it was in pursuance of a promise to forbear, nor does the forbearance itself imply a request. Had plaintiffs brought suit against Nielson immediately after the execution of defendant's obligation, Nielson could not have defended on the ground that there was an agreement of extension. Therefore plaintiffs, having remained without interruption entitled to all the rights which they had against Nielson, suffered no detriment in consequence of the guaranty given by defendant, and, on the other hand, neither Nielson nor defendant received any benefit in consequence of defendant's promise. It is clear that under such circumstances defendant's promise to pay Nielson's debt was without consideration.

Judgment of the trial court is therefore *affirmed*.