THE FULTON BANK v. VIOLET MATHERS and T. C. MATHERS, Appellees, and BENNETT AUTO SUPPLY COMPANY, Appellant,

Negotiable instruments: ACTION BY ASSIGNEE: CROSS-PETITION AGAINST 1 PAYEE. In a suit upon a promissory note by an assignee, the makers may file a cross-petition against the original payee claiming that

the note was given for the purchase price of property bought on a warranty, and that the purchase has been rescinded for breach of the warranty; so that in case they fail in their defense against the assignee they may have recourse over against the payee.

Sales: BREACH OF WARRANTY: EVIDENCE.  Upon an issue of breach of
2    warranty in the sale of an automobile, evidence that while the machine was in the seller's shop for repairs the purchaser found a slip of paper in the machine with notations of defects in the car, was not admissible, in the absence of a showing as to how the paper came to be there, or any custom of thus labeling cars brought in for repairs.

Same: BREACH OF WARRANTY: RESCISSION: EVIDENCE.  Where the evi-
3    dence tended to show serious defects in an automobile, the question of whether there was a breach of warranty was for the jury; and under the showing made of the seller's attempts to repair the car and put it in condition to operate properly, the question of whether the purchaser acted with reasonable diligence in rescinding the sale, was also for the jury.

*Appeal from Woodbury District Court.*—HON. WM. HUTCH-
INSON, Judge.

THURSDAY, OCTOBER 23, 1913.

THE opinion states the material facts.—*Reversed.*

*Henderson & Fribourg,* for appellant.

*W. G. Sears,* for appellees.

WEAVER, C. J.—The defendants, Violet Mathers and T. C. Mathers, made and delivered to the Bennett Auto Supply Company their promissory note for the sum of $1,800 for the purchase price of an automobile sold them by said company. The note was at once negotiated and transferred to the plaintiff bank, and, not being paid when due, this action at law was begun to enforce collection.  Defendants appeared to the action and set up the plea that the automobile had been warranted to them, that the warranty had failed, and the car

had proved utterly worthless, whereupon they had returned it to the Bennett Auto Supply Company and rescinded the purchase. They also filed a cross-petition against the Bennett Auto Supply Company, setting up the purchase of the automobile upon the representations and warranties of the said Bennett Auto Supply Company, alleged the failure of the warranties and the falsity of the representations, and that upon discovering the same they had rescinded the purchase, returned the automobile to the seller, and demanded the surrender of the note they had given for the purchase price. They further allege that said Bennett Auto Supply Company has not only failed to return the note, but has negotiated the same to the plaintiff, an innocent holder against whom the defenses to such instrument cannot be asserted. Upon the grounds thus stated, the cross-petitioners ask judgment against the Bennett Auto Supply Company for the sum of $1,800 with interest and costs. The defendant in the cross-petition first demurred thereto on the ground that the alleged cause of action stated therein has not accrued and fails to show that defendants have sustained any damage or expended any moneys on account of the note or of any of the matters of which complaint is made. As further ground of demurrer, it is said the Bennett Auto Supply Company was not a party to the action brought on the note, and the matters alleged by the cross-petitioners do not have any relation to the matters involved in the litigation between the plaintiff bank and the cross-petitioners. The demurrer was overruled, and thereupon the Bennett Auto Supply Company moved to transfer the case to the equity calendar for trial, and this also was denied, and an answer was filed denying the allegations of the cross-petition. Upon trial of the issue between the plaintiff bank and the defendant Mathers judgment was entered for the plaintiff for the full amount of the note in suit. Thereafter trial was had to a jury upon the issue joined between the Mathers as plaintiffs in the cross-petition and the Bennett Auto Supply Company, and verdict returned for the

cross-petitioners for the full amount of their claim. From the judgment on this verdict the appeal now before us has been taken.

I. Appellant's first proposition is that the court erred in overruling its demurrer to the cross-petition. The point is not well taken.  The case comes fairly within the contempla-

1. NEGOTIABLE INSTRUMENTS: action by assignee : cross-petition against payee.

tion of Code, section 3574, which provides that when a defendant has a cause of action affecting the subject-matter of the action, against a codefendant or a person not a party to the action, he may in the same action file a cross-petition against the codefendant or other person.  The subject-matter of the principal action is the promissory note.  The claim pleaded by the defendants constitutes a good defense thereto, subject, of course, to the rights of the plaintiff as an innocent holder of the paper if such it appears to be.  In view of such contingency, it is to the manifest interest of the makers of the note to have the original payee brought into the case in order that, if deprived of the benefits of their defense as against the bank, it may have recourse over upon such payee.  Such is the clear effect of the statute, and such has been its interpretation. *Mahaska County Bank v. Christ,* 82 Iowa, 57, and *Mahaska County State Bank v. Crist,* 87 Iowa, 422; *Brown v. Holden,* 120 Iowa, 191; *First Nat. Bank of Webster City v. Dutcher,* 128 Iowa, 424.  There was no error in overruling the demurrer to the cross-petition.

II. Several exceptions have been preserved to rulings on evidence.  We have examined them all and find but one which in our judgment involves prejudicial error.  After the

2. SALES : breach of warranty : evidence.

cross-petitioners received the automobile into their possession, they claimed to find it defective in several particulars and took it to the shop or place of business of the seller, where some repairs were made upon it.  As a witness, T. C. Mathers, was allowed to testify that, while the automobile was thus in the possession of such seller, he looked at it and found a slip of paper

having some writing on it attached to or inclosed in one of the lamps, and that he read the paper and replaced it where he found it. Without other explanation or foundation for such testimony, he was permitted to say that "the paper read how the front wheel was a little out of line, hard to crank, hard to start, and lamp broke and left wheel wobbled." We confess our inability to understand upon what theory this evidence was thought to be competent. In the first place, there was no evidence to account for the writing itself, except the witness' statement that he left it where he found it. It was unsigned. He makes no pretense of having recognized the handwriting or to any knowledge whatever as to its authorship. Who placed the paper where he found it no one attempts to say. No shop custom or habit is shown of labeling the motor cars there being kept stored or repaired with tags or memoranda of defects. Indeed, the witness does not even say that this paper was not on or in the lamp when the car was taken to the shop. The bare statement of the record at this point is sufficient to make clear the incompetency of the evidence. The error was doubtless inadvertent, but its prejudicial character is self-evident.

III. It is further argued that the claim of the cross-petitioners to have rescinded the purchase of the car was so devoid of proof that the court should have directed a verdict in behalf of the defendant. We cannot so hold. The evidence fairly tends to show that the car delivered to appellees had but recently been through a serious accident and that it proved defective in various respects. Whether appellees acted with reasonable promptness in declaring a rescission and returning the car is open to some doubt, but it is still a question of fact for the jury.

3. SAME: breach of warranty: rescission: evidence.

There was some evidence that their complaints concerning the car were quite promptly made to the appellant, but that they were led to hold the car longer than they otherwise would by the attempts of the appellant to repair it and put

it in condition to operate properly. The time thus taken by the request or by the inducement of the appellant to afford reasonable opportunity for the repair or regulation of the car would not be waiver as a matter of law of the right to rescind, and upon failure to remedy the defects, if any, against which the car had been warranted, appellees were entitled then to rescind. The alleged failure of the appellees to rescind was not so clearly shown as to call for a directed verdict against them.

Other errors assigned do not appear to be sustained by the record. For reasons hereinbefore indicated, a new trial must be ordered, and the judgment of the district court is therefore *Reversed.*

DEEMER, WITHROW, and PRESTON, JJ., concur.