NEWTON SAVINGS BANK, CHESTER SLOANAKER, Substituted Plaintiff, Appellee, v. W. R. HOWERTON and CYNTHIA S. HOWERTON, Appellants.

Mortgages: EXECUTION TO THIRD PERSON: CONSIDERATION.  Where a note and mortgage are supported by a sufficient consideration as between the original debtor and creditor, they may by agreement take the same in the name of a third person who consents thereto,

and the same consideration will support the paper in his hands as trustee for the beneficiary, or as owner through an agreement with the beneficiary; it is not necessary as a matter of law that the consideration shall move from such holder.

Same: FORECLOSURE: ALTERATION OF INSTRUMENTS: EVIDENCE. In this action to foreclose a mortgage the evidence is reviewed and held insufficient to show an alteration in the note secured thereby, changing the provision for payment of interest from annual to semi-annual.

Action upon lost instruments: WAIVER OF BOND: RIGHT OF RECOVERY. Where the loss of a note and mortgage sued on was not disclosed by the pleadings, but did appear from the testimony of plaintiff at the beginning of the trial, and no demand for a bond or other security was made under the statute, such loss was not a defense to the suit.

*Appeal from Monroe District Court.*—HON. D. M. ANDERSON, Judge.

TUESDAY, FEBRUARY, 10, 1914.

SUIT in equity to foreclose a real estate mortgage. There was a decree for the plaintiff, and the defendants appeal.— *Affirmed.*

*Liston McMillen,* for appellants.

*Morgan & Korf* and *D. W. Bates,* for appellee.

EVANS, J.—This suit was originally brought by the plaintiff, Newton Savings Bank. The petition declared upon a note and mortgage for $3,000, copies of which were set forth. The defendants filed an answer thereto setting up two affirmative defenses: (1) That the note sued on was wholly without consideration; and (2) that the note had been fraudulently and materially altered since its execution. Later the original plaintiff transferred the note and mortgage sued on in due form to Chester Sloanaker, and filed an amendment to the petition asking that Sloanaker be substituted as plain-

tiff. Such amendment averred also that Sloanaker was at all times the real party in interest as the holder of the note and mortgage. To this amendment a general denial was filed by the defendants.

It appears clearly that the note and mortgage in suit were executed by the defendants in pursuance of negotiations between W. R. Howerton and the substituted plaintiff. Cynthia Howerton is the wife of W. R. Howerton. The note was drawn upon a blank form of the Newton Savings Bank, of which Sloanaker was an officer. There had been various dealings between Howerton and Sloanaker whereby Howerton became indebted to Sloanaker. Howerton was engaged in buying and selling farms. Sloanaker loaned money to him in large amounts for such purpose. Sloanaker was his creditor in a large amount at the time of the execution of the papers in question. It is the contention of Sloanaker that the note and mortgage were taken as security on an open account on moneys advanced to the amount of several thousand dollars. The contention of Howerton in evidence is that the note and mortgage were accommodation paper only, and that they were put in the hands of Sloanaker to be sold. The money to be realized from such sale was to be loaned to Howerton for the purpose of enabling him to exercise an option in the purchase of certain real estate near Mason City. He contends also that the paper was not thus used, and that he lost the option referred to. The contention here made in evidence and in argument by Howerton was not pleaded in any manner except by a general allegation of want of consideration.

I. Waiving this point, we think the weight of the evidence and the corroborating circumstances are clearly with the plaintiff on this question. Howerton's option referred to expired on March 1, 1910. These papers were not executed until May 27, 1910. The plaintiff has important corroboration in the testimony of Howerton himself. Sloanaker declared the note due for failure to pay the first installment of semi-annual interest. He notified Howerton in advance that he

was about to do so and that he was about to foreclose. Howerton objected on the ground only that the note was not due and that there was no provision in the note executed for semiannual interest. The foregoing is Howerton's own testimony. The conversation referred to was had December or January following the making of the note. There was no suggestion at that time that the note was invalid for want of consideration or as an accommodation note.

It is urged by defendants' counsel in argument that the note and its proceeds have not been properly credited. No issue of that kind is presented in the pleadings. It may be taken for granted that the defendants are entitled to appropriate credit for the proceeds of the security thus given. There is nothing in the decree of the trial court to preclude the defendants in that respect. Neither party asked an accounting as between themselves, and the rights of the parties in that respect are not affected by the decree.

II. It is next urged that there was no consideration for the note, because the Newton Savings Bank, payee, had no interest therein. If there was a consideration as between Howerton and Sloanaker, it was legally competent as between them that the note and mortgage should be taken in the name of any consenting third party. Such third party would thereby hold the paper as trustee for the beneficiary, or it might become the owner of it by contract with the beneficiary. It was not necessary therefore, as a matter of law, that the consideration for the note should move from the Newton Savings Bank to Howerton. It was enough that there was consideration as between Howerton and Sloanaker.

1. MORTGAGES: execution to third person: consideration.

III. It is next urged that the note was fraudulently and materially altered in this: That the note as originally executed provided for interest payable annually, and that it was afterwards altered so as to provide that the interest should be payable semiannually.

2. SAME: foreclosure: alteration of instruments: evidence.

Sloanaker was not present when the note was drawn. The note and mortgage were prepared in the office of his attorney at Newton and by the stenographer of such attorney. They were thereupon sent by mail to John P. Hiatt at Oskaloosa, where Howerton resided. Hiatt was agent for Howerton. The papers were executed by Howerton and his wife before Hiatt as a notary public. On the subject of alteration, the testimony for the defendants is that of Howerton himself as follows:

Q. Do you say that is the first that you knew that that was semiannual interest? A. Yes, sir. Q. When you signed that note in suit here, did it contain the expression 'semiannually'? A. It did not. Q. State whether or not you consented to change the note so as to make it read 'semiannually'? A. I did not. Q. Have you read the record of the mortgage in the records of the courthouse? A. Yes, sir. Q. Referring to the annual or semiannual, state whether or not it is written in the mortgage the way you understood it at the time? A. Yes, sir. Q. When you made the deed to Hiatt that has been referred to here in the evidence, did you then know that this note read 'semiannual' interest? A. I did not.

As against this, the stenographer who prepared the papers testified positively to her recollection of the preparation of the papers, and that the note contained the word "semiannual" when it was mailed to Hiatt. She also produced carbon copies of the letters which passed from the Newton office to Hiatt. The letter, Exhibit D, dated May 23, 1910, which purported to transmit to Hiatt the note and mortgage in question, contained a description of the $3,000 note as follows:

"Promissory note, W. R. Howerton and wife to Newton Savings Bank for $3,000.00, due on or before 3 years, with interest at 6 per cent., payable semiannually." This carbon copy was in no manner contradicted by the production of the original or otherwise. The clear weight of the evidence there-

fore was with the plaintiff on this question, and the trial court properly found against the claim of alteration.

IV.   At the trial the plaintiff testified to the loss of both note and mortgage a few weeks or months after their issuance. They had been first used as collateral with a bank at Albia and were later redeemed but lost in transmission or otherwise.  The fact of their loss was not disclosed in the pleadings.  It was disclosed however by the testimony of the plaintiff at the beginning of the trial.  It is now urged that this suit cannot be maintained, because it was not brought as on a lost instrument.  That the note and mortgage were actually executed was never denied either by pleading or evidence except to the extent of the provision of semiannual interest.  The only statutory provision we have on the subject is contained in the Negotiable Instrument Act, being sections 3060—a199 and 3060—a200 of the Code Supplement.

3. ACTION UPON LOST INSTRUMENTS : waiver of bond : right of recovery.

That whenever a note, bond, bill of exchange, certificate of deposit, check or other evidence of indebtedness shall have been lost, stolen or destroyed, and the owner thereof desires payment to be made by the person, firm or corporation issuing the same he shall execute and deliver, if demanded, to such person, firm or corporation, a good and sufficient bond agreeing to indemnify and save harmless the payer thereof.

When an action is brought on a lost note, bond, bill of exchange, draft, certificate of deposit, or other evidence of indebtedness, upon demand of any defendant therein, a good and sufficient bond shall be given to indemnify and save harmless the defendants in said cause.

The defendants made no demand for a bond or other security, nor did they raise any question on the trial as to the propriety of the procedure.  Having failed to raise the question in the trial court, they are clearly not entitled to raise it here.  They were entitled to a bond for the asking.  They are therefore not entitled to a reversal or modification of the decree on that ground.  If the note and mortgage should here-

after appear in the hands of innocent holders, they have their abundant remedy even without a bond. The trial court properly awarded a decree to the plaintiff, and it is *Affirmed*.

LADD, C. J., and WEAVER and PRESTON, JJ., concur.