IOWA LOAN & TRUST COMPANY, Appellant, v. CITIZENS STATE BANK OF NEWTON, Appellee.

**BILLS AND NOTES:** Transfer—Rescission of Contract—Loss of Right.
1    The purchaser of a mortgage-secured promissory note may not rescind on the ground of fraudulent representations *as* to the value of the security when, *with full knowledge of the fraud*, he forecloses the mortgage, bids in the property for the full amount of the judgment, and later takes a sheriff's deed to the premises.

**SALES:** Rescission—Inability to Restore Status Quo. The assignee
2    or transferee of a mortgaged-secured promissory note who forecloses the mortgage, buys in the property for the full amount of the judgment, and takes a deed, thereby necessarily releases the maker of the note from all personal liability. Manifestly, such assignee may not thereafter, in an action against his assignor, rescind the contract of purchase on the ground of fraud in the purchase, because he has disabled himself from putting the assignor *in statu quo.* (See Book of Anno., Vol. 1, Sec. 9998, Anno. 109 *et seq.;* Sec. 10002, Anno. 1 *et seq.*)

Headnote 1: 27 Cyc. p. 1290 (Anno.) Headnote 2: 13 C. J. p. 619.

*Appeal from Jasper District Court.*—D. W. HAMILTON, Judge.

NOVEMBER 17, 1925.

SUIT to cancel purchase of a $4,000 note and mortgage and recover judgment for the amount expended on the purchase and for costs and taxes. The petition was dismissed; and plaintiff appeals.—*Affirmed.*

*R. & F. G. Ryan* and *Cross & Hamill,* for appellant.

*Henry Silwold,* for appellee.

MORLING, J.—Plaintiff purchased the note and mortgage for $4,000, April 19, 1919. Whether the purchase was made from defendant is disputed. An inspector's report accompanying the loan papers stated that the value of the land, exclusive of buildings, was $8,000. On February 4, 1921, plaintiff wrote to defendant that the property was trading property, and plaintiff had been obliged to commence foreclosure, and that the tenant stated that the farm was very poor, and not worth to exceed $1,000, and "if this should prove to be a very poor piece of land we will expect you to protect our interest in this matter. Let us hear from you as to what you know personally in regard to this farm."

1. BILLS AND NOTES: transfer: rescission of contract: loss of right.

Correspondence followed, in which defendant related to plaintiff the information which it had about the land, expressed its confidence in the correctness of such information, and stated:

"Rest assured we have no desire to evade any responsibility on this and we will do everything in our power to give you the right kind of co-operation."

On February 8, 1921, plaintiff wrote to defendant, expressing the hope that there was no mistake about the statements made by defendant, and:

"I apprehend Mr. Dunwoody [the mortgagor] will not set up any defense and we will have no trouble in taking a decree at the present term of court. If you have any further information in regard to this land from time to time I wish you would advise us of the same."

Plaintiff got judgment of foreclosure March 25, 1921, bid in the property at foreclosure sale on June 11, 1921, for the full amount of the judgment, principal, interest, attorneys' fees, and costs, afterwards paid taxes, and, on June 11, 1922, took sheriff's deed. Apparently on November 3, 1922, plaintiff again brought up the matter of the alleged misstatements. Defendant replied, again expressing doubts as to the truth of plaintiff's information, and stating its purpose to make a thorough investigation. This suit was brought January 25, 1923. Plaintiff in

its petition "tenders to the defendant a certain deed executed by plaintiff conveying to defendant" the mortgaged property. We do not find that the deed was brought into court or tendered or offered in evidence.

Plaintiff produced the testimony of two witnesses to the untruthfulness of the representations; the defendant, that of five, to prove their truthfulness. None of them gave very persuasive evidence, and the burden of proof is upon the plaintiff.

There was testimony that the mortgagor was solvent at the time of the execution sale.

The suit is to cancel the original purchase of the note and mortgage, is not for damages, and is not based upon subsequent transactions.

There are three reasons why this suit cannot be maintained: First. The evidence does not prove the falsity of the representations. Second. As early as February 4, 1921, the plaintiff

2. SALES: rescission: inability to restore *status quo*.

was put to its election whether to rescind or affirm, and by thereafter taking judgment on the note and decree of foreclosure of the mortgage, and taking the property in full payment of the debt, the plaintiff made its conclusive election to affirm. Third. By taking the property in satisfaction of the debt and releasing the debtor from all personal liability after notice of the alleged fraud, the plaintiff has by its voluntary act disabled itself from restoring the *status quo*.

The judgment is—*Affirmed*.

FAVILLE, C. J., and EVANS and ALBERT, JJ., concur.