CHARITON PLUMBING & HEATING COMPANY, Appellee, v. L. H. LESTER, Appellant.

**SALES:** **Rescission—Fatal Delay.** A delay of more than a year to rescind the purchase of a fresh-water-pumping apparatus, with full knowledge at all times of its defects, is unreasonable *per se*. (See Book of Anno., Vol. 1, Sec. 9998, Anno. 59 *et seq*.)

**EVIDENCE:** **Opinion Evidence—Value.** Competency to testify to the value of an apparatus may not be predicated solely on the fact that the apparatus does not work efficiently.

**SALES:** **Remedies of Buyer—Breach of Warranty—Failure of Proof.** One who buys an article of substantial value, and is precluded by his own delay from rescinding because of a breach of warranty, must pay for the article, in the absence of evidence of the damage caused by the breach of warranty.

Headnote 1:   35 Cyc. pp. 151, 152, 153.   **Headnote 2:**   35 Cyc. p. 153. Headnote 3:   22 C. J. p. 580; 35 Cyc. p. 458.

Headnote 1:   24 R. C. L. 357.   **Headnote 2:**   11 R. C. L. 631.

*Appeal from Warren District Court.*—J. H. APPLEGATE, Judge.

OCTOBER 26, 1926.

Action upon an account. Directed verdict and judgment for plaintiff. The defendant appeals.—*Affirmed*.

*J. O. Watson,* for appellant.

*Walter L. Cropper* and *Carl T. Self,* for appellee.

STEVENS, J.—I. Appellee, in October, 1919, entered into an oral contract with appellant to install in his residence a heating and plumbing system, including a fresh-water system. The purpose of the water system was to pump water to the bathroom, for the use of the bath and the toilet. The plant was installed, and has not been removed.

This is an action to recover the agreed price of the fresh-water system. The defenses interposed were a total failure of consideration and a breach of warranty. The pumping device did not operate satisfactorily at any time. The rescission alleged occurred more than a year after the installation of the plant, although appellant knew from the beginning that the pump was inefficient, and that a belt used in its operation continually came off the pulley, and had to be replaced. Appellee, when notified, on several occasions visited the premises, but failed to remedy the defect. For the successful operation of the system it was necessary that there be a certain quantity of water in the well. Appellee testified that, upon one or more of the visits, the supply was insufficient, and that the failure of the pump to work was due to this fact. The device was so connected with the general plumbing system that it would, no doubt, have been difficult for appellant, who is not a plumber, to remove it. There was, therefore, no offer to redeliver the device to appellee, nor did appellant, as stated above, for more than a year attempt to rescind the contract. The rescission attempted was by letter, notifying appellee that the pump did not operate as designed, and that it was worthless, and requesting appellee to come and take it out. Four letters in all were written, but appellee denied receipt of them. The first was dated August 1, 1922, and the last, January 18, 1923. The court declined to admit the letters in evidence, over objection, upon the ground that the attempted rescission was not within a reasonable time after knowledge of the breach of the warranty was brought home to appellant.

1. SALES: rescission: fatal delay.

The duty of a buyer to rescind a contract for the purchase of personal property for a breach of warranty within a reasonable time is statutory, as well as universally recognized by courts. Section 9998, Code of 1924; *Fulton Bank v. Mathers,* 161 Iowa 634; *Mallauch v. Riddell Auto. Co.,* 138 Iowa 22; *Swift & Co. v. Redhead,* 147 Iowa 94; *McCormick Harvesting*

*Mach. Co. v. Brower,* 94 Iowa 144; *Rice v. Friend Bros. Co.,* 179 Iowa 355; *McCormick Harvesting Mach. Co. v. Russell,* 86 Iowa 556; *National Bank of Decorah v. Robison,* 199 Iowa 1044.

Ordinarily, of course, whether or not rescission was timely is for the jury to decide; but, as held in the cases cited above, the delay may be so great as to require the court to hold, as a matter of law, that it was not within a reasonable time. Appellant, according to his own testimony, knew during all of the time, and for more than a year, that the belt would come off, and that the plant was not satisfactory. Nothing appears to have been done by appellee to induce appellant to retain the system or to prevent timely rescission. Under the facts disclosed, the question was for the court, and not for the jury. The delay was unreasonable, and no satisfactory excuse was shown therefor.

II. The attempt of appellant to qualify himself as a witness to testify to the value of the device was held by the court to result in failure. The examination of the witness disclosed that he had no knowledge whatever of the value of the plant, but that, because it failed to work efficiently and satisfactorily, he considered it worthless. There is, therefore, no evidence in the record as to its value.

2. EVIDENCE: opinion evidence: value.

It is, however, contended by appellant that the plant was wholly worthless, and failed utterly to meet the purpose for which it was installed, and that, for this reason, there was a total failure of consideration.

The rule that, where property is purchased for a specific purpose and is of no value for such purpose, a failure of consideration results, has been recognized by this court, and applied in certain cases. *Rice v. Friend Bros. Co.,* supra; *McCormick Harvesting Mach. Co. v. Brower,* supra; *Swift & Co. v. Redhead,* supra. The facts of this case do not, however, bring it within the rule. The device did work, and, when the belt was on, apparently satisfactorily. The defect may have been in the installation, or it may have resulted from other causes. The plant was not, however, shown to be worthless; it manifestly had substantial value, but did not meet the terms of the alleged warranty. Appellant was not bound to retain it; but, if he desired to rescind the contract, he was bound to do so within a

3. SALES: remedies of buyer: breach of warranty: failure of proof.

reasonable time after knowledge of the breach. This he failed to do. No competent evidence was introduced as to the value of the device, and there was nothing, therefore, upon which a verdict for damages, which were asked for the breach of the warranty, could be based. The motion of appellee for a directed verdict was, accordingly, properly sustained.—*Affirmed.*

DE GRAFF, C. J., and FAVILLE and VERMILION, JJ., concur.