S. S. WRIGHT, Plaintiff Appellant, v. IOWA SOUTHERN UTILITIES COMPANY, Defendant Appellee.

No. 45527.

JUNE 17, 1941.

A. M. Miller, Havner, Flick & Powers, and Margaret I. Cunningham, for appellant.

Cross & Hamill and Valentine & Valentine, for appellee.

GARFIELD, J.—The trial court having sustained the demurrer, it will be necessary to summarize the petition. On August 29, 1939, plaintiff-appellant filed his petition which, as amended, states that during 1930 Mrs. Emma Steele purchased from defendant-appellee 34 shares of its stock for $3,400; that at the time of the purchase, one Bulmahn, an executive officer of the company, orally agreed that appellee would repurchase the stock at any time Mrs. Steele desired and would return to her within 90 days from any demand for repurchase $3,400 less 2%, and if appellee did not repurchase said stock within said 90 days, it would pay the full par value thereof together with any accrued dividends thereon. That in March, 1932, Mrs. Steele assigned the stock to appellant, together with all rights against appellee for the repurchase thereof.

That in 1932, after the assignment to appellant, he orally informed appellee through said Bulmahn, its president, of said assignment and requested that appellee repurchase said stock; that Bulmahn on behalf of appellee advised appellant that it was impossible for appellee to comply with its contract of repurchase, but orally stated that if appellant would agree not to enforce demands for the repurchase of said stock at said time and would waive and surrender all rights which appellant had under the original repurchase contract with Mrs. Steele, appellee would agree to repurchase said stock for $3,400 less 2% within a reasonable time but not less than one year thereafter and then only after appellant made demand for the repurchase, and if appellee failed to repurchase said stock within 90 days after demand made in not less than one year, the company would pay the full par value of the stock together with any accrued dividends thereon.

That appellant orally accepted this proposition and agreed that he would forbear bringing suit to recover the $3,400 at said

time and waive all rights under the original repurchase agreement with Mrs. Steele and would not make demand upon appellee to repurchase the stock under the new agreement for at least one year. That appellant did forbear bringing suit at said time and did forbear making demand for the repurchase for more than one year and until 1937.

That early in 1937 appellant made demand upon appellee through Bulmahn, its president, to repurchase said stock; that Bulmahn then told appellant that if he would forbear bringing suit against appellee at said time and would waive all rights under the original agreement between appellant and the company until some pending refinancing could be completed which would not take to exceed one year, appellee would agree to repurchase the stock for $3,400 plus all accrued dividends thereon. That appellant orally accepted this proposition and agreed that he would refrain from bringing suit at said time until the refinancing could be completed and for at least one year and agreed to waive his rights under the original agreement made in 1932; that in accordance with said agreement, appellant did not make demand upon the company until one year after the making of the oral agreement in 1937.

That in 1939 appellant assigned 17 shares of his stock to his wife, together with all rights held by him with reference to the repurchase agreement as to said 17 shares; that later in 1939 appellant made written demand upon the company to repurchase the stock belonging to him and his wife in accordance with the terms of the 1937 agreement. The petition prayed for a money judgment against appellee.

To the foregoing petition appellee demurred because it appeared on the face of the pleading that the cause of action was barred by the statute of limitations and that the 1937 agreement was without consideration. The trial court sustained the demurrer. Appellant elected to stand upon his petition and suffered judgment against him from which this appeal is taken.

It is of course elementary that before the demurrer could be sustained on the first ground it must appear from the petition that the cause is barred by the statute of limitations. Section 11141, par. 6, Code, 1939. Nylander v. Nylander, 221 Iowa 1358, 1361, 268 N. W. 7; Ritter v. Schultz, 211 Iowa 106, 108, 232 N. W.

830. It is conceded that the statutory period for the cause of action declared upon is five years. Section 11007, par. 5, Code, 1939.

This court has held in three cases decided subsequent to the ruling from which this appeal is taken that a cause of action on an agreement to repurchase corporate stock accrues upon the making of demand rather than at the time of the agreement. Smith v. Middle States Utilities, 228 Iowa 686, 293 N. W. 59; Gregg v. Middle States Utilities, 228 Iowa 933, 293 N. W. 66, 132 A. L. R. 415; and Wilson v. Iowa Southern Utilities, 228 Iowa 724, 293 N. W. 77. Appellee frankly concedes, on the strength of these decisions, that the cause of action on the original agreement made with Mrs. Steele and assigned to appellant accrued upon the making of demand in 1932. Appellee also concedes that such demand was made within a reasonable time.

However, appellant's cause of action is not based upon the 1930 repurchase agreement but upon the one claimed to have been made in 1937 and the written demand upon appellee in 1939 that it perform this last undertaking. Since the statutory period is five years and the cause of action did not accrue until the making of demand, it is plain that the first ground of the demurrer is not well taken. Appellee concedes as much, for its counsel say in argument (we quote), "The real issue is whether the alleged oral agreements made in 1932 and 1937 were valid."

No claim seems to be made that the original 1930 agreement of repurchase was not valid and enforceable. Appellee seeks to sustain the ruling of the trial court on the theory that there was no consideration for the 1932 agreement of repurchase; that since the 1937 undertaking was grounded upon the 1932 agreement, it likewise is without consideration. The particular point upon which appellee seems to place most reliance is that appellant did not agree in 1932 to forbear bringing suit for any definite time.

The most widely used definition of the term "consideration" is a benefit to the party promising or a loss or detriment to the party to whom the promise is made. 17 C. J. S. 420, section 70; 12 Am. Jur. 570, section 79. If, therefore, appellee received some benefit in return for its 1932 promise to repurchase, or if appellant suffered some loss or detriment, there was

sufficient consideration for that promise. See Blake v. Robinson, 129 Iowa 196, 199, 105 N. W. 401.

The petition alleges that in 1932 appellant agreed: (1) to waive all rights which he had under the original agreement with Mrs. Steele; (2) to forbear bringing suit at said time; and (3) not to make demand upon appellee under the 1932 agreement for at least one year. Appellant's agreement not to make a demand for at least one year was for a definite time. Such demand is a prerequisite to the right to sue and marks the accrual of the cause of action. See the Smith, Gregg, and Wilson cases, supra. We think it may fairly be said that the promise not to make demand for at least a year necessarily contemplated forbearance from bringing suit for such period of time.

Assuming without deciding, however, that appellant's promise to forbear bringing suit was not for a definite time and further assuming that it was therefore insufficient, still ample consideration remained to render appellee's undertaking to repurchase enforceable, in appellant's promise to waive all his rights under the original repurchase agreement made in 1930 with Mrs. Steele and subsequently assigned to him, and in his promise not to make demand upon the company for the repurchase of the stock for at least one year. Where there is more than one consideration for a contract, the insufficiency of one will not invalidate the contract, but the remaining consideration will support it. 12 Am. Jur. 612, section 118; Restatement of Contracts, Volume 1, section 84, clause (b).

In connection with appellee's contention that the 1932 agreement is not supported by sufficient consideration because appellant's promise to forbear was not for a definite time, we may observe that according to the later cases "the absence of a specified period for forbearance has generally been held immaterial as the law presumes that it was to be for a reasonable time." 17 C. J. S. 459, section 103-d. See, too, 12 Am. Jur. 581, section 85, and Queal & Co. v. Peterson, 138 Iowa 514, 515, 116 N. W. 593, 19 L. R. A., N. S., 842. Goodman Mfg. Co. v. Mammoth Vein Coal Co., 185 Iowa 253, 168 N. W. 912, relied upon by appellee, recognizes this rule. (See page 264 of 185 Iowa.)

Furthermore, the petition alleges, in addition to the fore-

going promises claimed to have been made by appellant in 1932, that he did forbear bringing suit at said time and did forbear making demand for repurchase for more than one year. This actual forbearance (aside from the alleged promises to forbear) having been at appellee's request, in itself constitutes consideration. Queal & Co. v. Peterson, supra (see page 515 of 138 Iowa); Duke v. Tyler, 209 Iowa 1345, 1348, 230 N. W. 319; 17 C. J. S. 458, section 103-b. See, also 12 Am. Jur. 578, 579, section 84.

As above indicated, it is appellee's claim that the 1937 agreement is without consideration because, it is said, the basis for it was the promise to forbear enforcement of the 1932 agreement; that since the earlier agreement was void for want of consideration, its extinguishment furnishes no consideration for the 1937 undertaking. 17 C. J. S. 472, section 122, and other authorities are cited. We have seen, however, that the 1932 agreement is supported by sufficient consideration. Therefore, the basis for appellee's contention fails.

However, even if it were to be conceded that the 1932 agreement was unenforceable, we think it cannot be said from the face of the petition that the 1937 undertaking upon which this suit is based lacks the necessary consideration. If, as appellee asserts, the 1932 agreement was void, it left the parties in the same situation they occupied before they entered into such agreement. If it conferred no rights on the parties, it deprived them of none. Now at the time the 1937 agreement was made, appellant's rights under the initial repurchase agreement made with his assignor, Mrs. Steele, were valid and subsisting and not barred by statute. Under our holdings in the recent Smith, Gregg, and Wilson cases, supra, appellant's cause of action on the agreement made with Mrs. Steele did not accrue until 1932 (the exact time does not appear except that it was later than March) when demand was made upon the company for the performance of its undertaking. It does not appear from the petition that five years had elapsed from the time of this demand until "early in 1937" when the last agreement was made. Appellant's promise made in 1937 "that he would refrain from bringing suit [which he then had the right to do under the original 1930 bargain] until the refinancing could be completed and for at least one

year" constituted ample consideration for the promise alleged to have been then made by the president of the company that it would repurchase the stock. 17 C. J. S. 459, section 104-a.

Other contentions urged upon us by appellee have been carefully considered and found without merit. We hold that appellant's petition is not vulnerable to the demurrer on the grounds stated and that the trial court erred in so holding. We express no opinion as to the ultimate rights of the parties upon the trial of the case. With instructions to reinstate the case and overrule appellee's demurrer, this case is reversed.—Reversed.

CHIEF JUSTICE and all JUSTICES concur.