UNITED STATES HOFFMAN MACHINERY CORPORATION, appellee, v. GUNNARD D. CARLSON, d/b/a GUNNARD'S CLEANERS, appellant.

No. 50245.

OCTOBER 17, 1961.

REHEARING DENIED DECEMBER 12, 1961.

Deck & Johansen, of Sioux City, for appellant.

Baron, Yaneff & Turek, of Sioux City, for appellee.

SNELL, J.—This is an action in equity to recover the balance due on and to foreclose a conditional sales contract. Neither the contract nor the amount of the unpaid balance thereon is in dispute. Defendant relied on rescission and counterclaimed for damages.

Plaintiff is a manufacturer and vendor of dry cleaning machinery and equipment. Defendant operates a dry cleaning business. Sometime in 1953 defendant, through literature and trade journals, became interested in equipment manufactured and sold by plaintiff. Defendant contacted plaintiff. Defendant received brochures and a personal call from plaintiff's salesman. On February 16, 1954, plaintiff and defendant contracted in

writing for the sale and purchase of an automatic machine with accessories designed to clean and dry clothes and reclaim the cleaning solvent. The machine used an expensive synthetic cleaning solvent so the efficient filtering and reclaiming of the solvent was important. The agreement was evidenced by a conditional sales contract in writing. After a trade-in allowance for used equipment, the balance of the purchase price, totaling $8576.16, including finance charges, was to be paid in monthly installments. Payments totaling $2172.06 were made between May 25, 1954, and February 28, 1955. No payments have been made since February 28, 1955.

About 30 days after the signing of the contract the machine was delivered, installed and put in operation. Defects in design or manufacture soon appeared. The pump leaked and the filtering screens failed to function properly. During the drying cycle solvent would fall on and spot the clothes. This was the most serious defect.

Defendant by letter and telephone repeatedly complained to agents and employees of plaintiff between April 1954 and June 8, 1955. He was asking for help and service and threatened to stop his payments. He asked for correction of the machine and for adjustments. He mentioned taking action to recover his losses. Plaintiff's servicemen made some repairs. Letters from plaintiff promised help and one letter dated December 23, 1954, guaranteed that the machine would be "taken care of satisfactorily." The machine has never been "taken care of satisfactorily." Repairs attempted by plaintiff's servicemen have not cured the defects. The machine does not perform as represented. Some of the defects have been corrected by defendant at his own expense. Defendant now reclaims the solvent in another machine bought at his own expense. Otherwise defendant continued use of the machine and was still using it at the time of trial of this case in August 1959. The trial court found that "defendant never at any time prior to the filing of his answer and counterclaim herein on June 24, 1958, some four years from the date of delivery, intended, offered or attempted to rescind the contract sued on." We agree with this finding by the trial court.

On November 20, 1957, plaintiff started this action to collect the unpaid balance on the contract and to foreclose its conditional sales contract. On June 24, 1958, defendant answered and counterclaimed and for the first time attempted rescission. Defendant in his counterclaim also sought damages for breach of warranty and false representations but at the close of the evidence dismissed all except his claim of rescission and damages incident thereto.

I. This is not a case for damages resulting from breach of warranty. Breach of warranty may be the foundation on which a rescission is based but in itself does not constitute a rescission. Neither do complaints and demands for service. Whether or not defendant would have been more successful with a claim for damages for breach of warranty is not before us. We merely hold that his claim of rescission is not tenable.

II. Defendant did not give notice of defects by registered mail within ninety days after delivery as required by the contract, but this failure is unimportant. Plaintiff knew of the complaints, promised help and attempted repairs up to June 1955. Plaintiff's actions waived the formality of notice required by the contract.

Briggs & Lucas v. The M. Rumely Co., 96 Iowa 202, 64 N.W. 784, holds that a vendor by sending an agent to rectify defects in a machine sold by it waives a provision in the contract of sale providing that failure to give notice to the company in writing of a defect bars any claim for breach of warranty. See also Westbrook v. Reeves & Co., 133 Iowa 655, 111 N.W. 11.

First National Bank of Webster City v. Dutcher, 128 Iowa 413, 104 N.W. 497, 1 L. R. A., N. S., 142, holds that where the warranty under which a machine was sold required the purchaser to notify the seller by registered letter of any defects within two days of its first use the continuous efforts of agents of the seller to make the machine work after the expiration of the two days and without objection that notice had not been given amounted to a waiver of the notice. But the case does not hold that the time for return of defective machinery is extended indefinitely after the vendor has ceased efforts to remedy the defect.

It is well settled that a requirement for the return of merchandise may be waived by a seller's agent in charge of correspondence or by a request from the seller that the purchaser continue to use the equipment.

We find no authority, however, for rescission after four years' use of the machinery and three years after the last effort of the vendor to remedy the defect.

III. Section 554.70 of the Code, being a part of the sales law, provides in part as follows:

"1. Where there is a breach of warranty by the seller, the buyer may, at his election: * * *

"d. Rescind the contract to sell or the sale and refuse to receive the goods, or, if the goods have already been received, return them or offer to return them to the seller and recover the price or any part thereof which has been paid.

"2. When the buyer has claimed and been granted a remedy in any one of these ways, no other remedy can thereafter be granted.

"3. Where the goods have been delivered to the buyer, he cannot rescind the sale if he knew of the breach of warranty when he accepted the goods, or if he fails to notify the seller within a reasonable time of the election to rescind, or if he fails to return or to offer to return the goods to the seller in substantially as good condition as they were in at the time the property was transferred to the buyer. But if deterioration or injury of the goods is due to the breach of warranty, such deterioration or injury shall not prevent the buyer from returning or offering to return the goods to the seller and rescinding the sale."

Butler Mfg. Co. v. Elliott & Cox, 211 Iowa 1068, 233 N.W. 669, was an action for the recovery of a purchase price of equipment furnished for a dry cleaning establishment with the defense of partial rescission for breach of warranty and with a counterclaim for expense of installation and removal. We quote from pages 1071 and 1072 of 211 Iowa, page 670 of 233 N.W.:

"For breach of warranty, defendant had an election of remedies. Defendant had the right to stand on the contract, retain the goods, and recover its damages resulting from the

breach. Defendant had the alternative right to rescind the contract and set up rescission in defense to an action to recover for the price of the goods. Lambertson v. National Inv. & Fin. Co., 200 Iowa 527. * * *

■ "Rescission is the unmaking of the contract. Rescission may be accomplished by acts *in pais*, as well as through resort to the court of equity; but, in order to accomplish rescission *in pais* for breach of warranty (as well as for other causes), there must be, within reasonable time after knowledge of the existence of the cause (in this case breach of warranty), an election to rescind. Within reasonable time, too, knowledge of such election, from unmistakable act or notice manifesting it, must be conveyed to the seller (13 Corpus Juris 618), and the buyer must restore, or offer to restore, the *status quo*. Until restoration or offer to make restoration is made, there is ordinarily, at law, no rescission. [Citations]

"* * * Continued exercise by the buyer of ownership or dominion of the property after notice of rescission and offer to return necessarily asserts ownership in the buyer, denies the ownership of the seller, and waives or withdraws the notice. [Citations]

"Continued use of the property after knowledge of breach of warranty further than necessary or proper to make a test as to quality waives the right to rescind and return. 24 Ruling Case Law 293."

The Butler case, together with many earlier and some later cases, is cited in 72 A. L. R., page 729, in support of the rule stated as follows: "It is the general rule that the purchaser of a chattel who desires to rescind the contract of sale for fraud or breach of warranty must act promptly, and while the rule does not require immediate action on his part after discovery of the grounds warranting rescission, it does require him to act within a reasonable time, taking all of the circumstances into consideration", and is again cited in 77 A. L. R., page 1167, in support of the rule stated as follows: "It is well settled that a purchaser of personal property may waive or lose the right to rescind the contract for fraud, breach of warranty, or failure of the article purchased to conform to the contract, if he uses

it in his business or otherwise as his own property, for his own benefit or convenience, and not merely for testing or preserving it, after he has knowledge of the grounds for rescission."

See also Lambertson v. National Inv. & Fin. Co., 200 Iowa 527, 202 N.W. 119.

Chariton Plumbing & Heating Co. v. Lester, 202 Iowa 475, 476, 477, 210 N.W. 584, was an action to recover the purchase price of plumbing equipment with a defense of failure of consideration, breach of warranty and attempted rescission. We quote therefrom as follows:

"This is an action to recover the agreed price of. the freshwater system. The defenses interposed were a total failure of consideration and a breach of warranty. The pumping device did not operate satisfactorily at any time. The rescission alleged occurred more than a year after the installation of the plant, although appellant knew from the beginning that the pump was inefficient, and that a belt used in its operation continually came off the pulley, and had to be replaced. Appellee, when notified, on several occasions visited the premises, but failed to remedy the defect. * * * The device was so connected with the general plumbing system that it would, no doubt, have been difficult for appellant, who is not a plumber, to remove it. There was, therefore, no offer to redeliver the device to appellee, nor did appellant, as stated above, for more than a year attempt to rescind the contract. The rescission attempted was by letter, notifying appellee that the pump did not operate as designed, and that it was worthless, and requesting appellee to come and take it out. * * *

"Ordinarily, of course, whether or not rescission was timely is for the jury to decide; but, as held in the cases cited above, the delay may be so great as to require the court to hold, as a matter of law, that it was not within a reasonable time. Appellant, according to his own testimony, knew during all of the time, and for more than a year, that the belt would come off, and that the plant was not satisfactory. Nothing appears to have been done by appellee to induce appellant to retain the system or to prevent timely rescission. Under the facts disclosed, the question was for the court, and not for

the jury. The delay was unreasonable, and no satisfactory excuse was shown therefor.

"* * * The plant was not, however, shown to be worthless; it manifestly had substantial value, but did not meet the terms of the alleged warranty. Appellant was not bound to retain it; but, if he desired to rescind the contract, he was bound to do so within a reasonable time after knowledge of the breach. This he failed to do. * * *."

■ IV. Defendant complained but for four years he did not rescind. For breach of warranty defendant could have rescinded or he could have sued (or counterclaimed) for his damages. He attempted rescission. His attempt was not timely.

The record shows that on application of defendant five extensions of time for filing the record were granted. The record was not filed in this court for more than a year after the trial court's judgment and decree. Such delays are not recommended.

The trial court was correct.

The case is—Affirmed.

All JUSTICES concur except BLISS, J., not sitting.