MAURICE L. TEST, appellee, v. JOHN W. HEABERLIN, appellant.

No. 50677.

(Reported in 118 N.W.2d 73)

NOVEMBER 13, 1962.

Holliday, Miller & Stewart, by Joseph B. Joyce, of Des Moines, for appellant.

McMullin, Test & Baird, of Des Moines, for appellee.

GARFIELD, C. J.—This is a law action on a promissory note for $1000 signed by defendant Heaberlin, payable to plaintiff Test. At the conclusion of the evidence the trial court directed a verdict for plaintiff. From judgment thereon defendant has appealed.

The errors assigned and argued may fairly be reduced to two: that a jury issue was presented on defendant's plea (1)

there was no valid consideration for the note and (2) the note was obtained by fraud.

Defendant's former wife Mae was granted a divorce from him May 6, 1959. Plaintiff was Mae's attorney. In the divorce proceeding she obtained judgment for $22,000 against defendant on which execution issued. At the sheriff's sale she purchased certain real estate the decree awarded to defendant.

April 7, 1960, defendant and Mae entered into a written agreement. So far as now material Mae agreed to deed to defendant her interest in the real estate just referred to and defendant agreed to pay all federal income tax against the parties up to and including the year 1959. The agreement contains this recital regarding this federal tax: "It is understood * * * the United States Treasury Department has filed liens against the parties hereto in the amount of approximately $20,000 but have [has] recently filed remittiturs remitting to approximately $10,500."

The written agreement further provides that as part of the consideration for the purchase of said real estate defendant will pay plaintiff, attorney for Mae, for services rendered by him to her to date $1750 by executing three notes to him for this total amount. This action is brought on one of these notes.

Plaintiff complied with her undertaking to deed to defendant her interest in the real estate purchased by her at the sheriff's sale and defendant has retained the property.

Defendant's principal argument on the issue of no consideration is directed against the trial court's finding there was no necessity for any consideration to be given by plaintiff to defendant for the note in suit. The defense of fraud is mainly based on the claim plaintiff fraudulently misrepresented to defendant that the government had filed a remittitur of its tax claim in excess of about $10,500.

I. We think no jury issue was presented on defendant's plea of no consideration and that the court's finding just referred to was not erroneous.

The most widely used definition of "consideration" is a benefit to the promisor or a loss or detriment to the promisee. Wright v. Iowa Southern Utilities Co., 230 Iowa 838, 841, 298 N.W. 790,

793, and citations. Certainly it was a benefit to defendant to acquire Mae's interest in the real estate sold at sheriff's sale.

Restatement, Contracts, section 75(2), states: "Consideration may be given * * * by the promisee or by some other person." Iowa decisions which support this statement include Rodgers v. Reinking, 205 Iowa 1311, 1320, 217 N.W. 441; Newton Savings Bank v. Howerton, 163 Iowa 677, 680, 145 N.W. 292; Schumacher v. Dolan, 154 Iowa 207, 211, 212, 134 N.W. 624; First National Bank v. Snell, Aiken & Co., 32 Iowa 167, 171. To like effect is 12 Am. Jur., Contracts, section 76, which states, "* * * it is not essential that the consideration be given by the promisee; a consideration moving from a third person is sufficient."

It was therefore not necessary that the consideration for the note in suit move from plaintiff to defendant. It was sufficient that the consideration move from Mae to defendant.

II. It is equally clear no jury issue was presented on defendant's plea the note was obtained by fraud. We will assume, without so holding, there is substantial evidence plaintiff represented to defendant on April 7, 1960, when the written agreement and note in suit were signed, that the treasury department had filed a remittitur of all its tax claim against defendant and his former wife in excess of about $10,500, that the representation was false and defendant relied thereon in signing the agreement and note.

We will say, however, the evidence of falsity of the representation and that defendant relied thereon is unsatisfactory at best. Defendant was represented by his own attorney at the signing of the agreement and note and in the negotiations leading up thereto. There is testimony defendant's attorney made substantially the same representation to him and that it was true. The principal evidence of defendant's reliance on the representation is this from him: "Mr. Test's statement as to the tax liability had an effect as to the signing of that instrument by me. * * * It had something to do with my signing that note."

If we assume the agreement and note were procured by plaintiff's fraud, as alleged, they were not on that account void but merely voidable at defendant's option. Where a party is defrauded, upon acquiring knowledge thereof he must elect whether

to rescind the contract because of the fraud or affirm it and claim damages. If a defrauded party elects to disaffirm he must do so promptly and must ordinarily restore or offer to restore what he received under the contract. 12 Am. Jur., Contracts, section 146, page 638.

Restatement, Contracts, section 480(1), states, subject to certain exceptions not applicable here: "The power of any party * * * to avoid a transaction for fraud or misrepresentation is conditional on an offer made promptly after acquiring knowledge of the fraud or misrepresentation to return the amount of any money or other performance received as part of the transaction, in substantially as good condition as when received by him, * * *."

Idem, section 484, states, also subject to exceptions not applicable here: "The power of avoidance for fraud or misrepresentation is lost if the injured party after acquiring knowledge of the fraud or misrepresentation manifests to the other party to the transaction an intention to affirm it, or exercises dominion over things restoration of which is a condition of his power of avoidance, * * *."

We have frequently recognized the rules just stated. Butler Mfg. Co. v. Elliott & Cox, 211 Iowa 1068, 1071, 1072, 233 N.W. 669, and citations; Iowa Loan & Trust Co. v. Citizens State Bank, 200 Iowa 952, 205 N.W. 744; National Bank of Decorah v. Robison, 199 Iowa 1044, 1047, 1048, 203 N.W. 295, and citations. See also United States Hoffman Mach. Corp. v. Carlson, 253 Iowa 304, 308–310, 111 N.W.2d 271, 273, 274; Storck v. Pascoe, 247 Iowa 54, 63–65, 72 N.W.2d 467, 472, 473; Annotations, 77 A. L. R. 1165, 72 A. L. R. 726.

In the Butler Mfg. Co. case, supra, the defense was breach of warranty rather than fraud. However, as there recognized, the same rule is applicable as to the duty of the purchaser to disaffirm and restore or offer to restore what he received under the contract promptly or within a reasonable time after acquiring knowledge of the fraud.

It appears here that if the representation plaintiff is alleged to have made to defendant regarding remittitur of part of the lien for taxes was false defendant discovered such falsity

soon after the written agreement and note were signed. Defendant did not elect to disaffirm the agreement of which the note in suit was a part. On the contrary he kept the interest in the property he acquired under the agreement as consideration for the note. This action was not commenced until more than a year after the note was made and trial was five months later. There is no evidence defendant attempted to disaffirm the contract or return what he received under it. He does not claim damages because of the alleged fraud. There is neither pleading nor proof thereof. Under the circumstances defendant cannot resist payment of the note on the ground of fraud.

The judgment is—Affirmed.

All JUSTICES concur except STUART, J., who takes no part.